MAEDEL *v.* WIES.

1. LIS PENDENS—EFFECT DURING APPEAL.
    Whether or not a *lis pendens* remains in effect and applies to a case during the period allowed for· appeal is dependent upon whether or not the appeal is considered as a continuation of a suit.

2. SAME—DURATION.
    The effect of a notice *lis pendens* continues during the entire time of the pendency of a suit and ends when the suit is actually ended by a final decree (3 Comp. Laws 1929, § 14400).

3. APPEAL AND ERROR—JURISDICTION TRANSFERRED TÒ THE SUPREME COURT.
    An appeal taken in a chancery case transfers jurisdiction of the case to the Supreme Court.

4. LIS PENDENS—GRANTEE IN SUBSEQUENT DEED.
    Grantee of a deed, received after the filing notice of *lis pendens,* knows, or must be held to know, that the property was then in litigation and that his interest is subject to the effect of the final decree in the cause (3 Comp. Laws 1929, § 14400). .

5. SAME—APPEAL—DECREE.
    The notice of *lis pendens,* once filed, continues in effect during the time allowed for appeal and during consideration by the Supreme Court of such appeal, and can be terminated only by a final decree (3 Comp. Laws 1929, § 14400).

6. SAME—IMPROVEMENTS BY GRANTEE IN DEED RECEIVED AFTER NOTICE FILED.
    Recourse, if any, of grantee under deed received after the filing of notice of *lis pendens* to reimbursement for improvements he made upon the property is against his grantor (3 Comp. Laws 1929, § 14400).

7. APPEAL AND ERROR—QUESTIONS REVIEWABLE—ALLEGED CHAMPERTY.
    Plaintiff's contention that a defendant's claim to the proceeds of a condemnation award was illegally purchased by another

defendant's attorney and that such purchase constitutes champerty is passed upon by Supreme Court notwithstanding matter was not mentioned in plaintiff's bill of complaint nor presented to trial court since it challenges the good faith of an officer of the Supreme Court.

8. CHAMPERTY AND MAINTENANCE—PURCHASE OF CLAIM ALREADY IN LITIGATION.

The inhibition of the champerty statute is confined to the purchase of a "thing in action, with the intent and for the purpose of bringing any suit thereon" and the purchase of a claim already in litigation is not barred (3 Comp. Laws 1929, § 13593).

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted June 13, 1944. (Docket No. 12, Calendar No. 42,624.) Decided September 11, 1944.

Bill by Robert Maedel against Pauline E. Wies and August F. Brandt to determine ownership of real property and condemnation award thereon. Decree for defendant Wies. Plaintiff appeals. Affirmed.

*Harry N. Grossman* (*Meyer R. Rubin,* of counsel), for plaintiff.

*Clarence T. Wilson* (*George Stone,* of counsel), for defendant Wies.

BUSHNELL, J. Some of the factual background of this appeal may be found in *Wies* v. *Brandt,* 294 Mich. 240. In that case a trust deed executed by Pauline E. Wies (plaintiff there and defendant here) while under guardianship as a mentally incompetent person, and at the time presumably under the influence and domination of her guardian, Brandt (defendant there and defendant here), was declared to be void.

While that matter was pending on appeal and before its determination by this court, defendant Wies'

trustee, defendant August F. Brandt, on December 26, 1939, conveyed title to the property now in question to Frank J. McIntyre and Clara E. McIntyre, his wife, who on the same day conveyed to plaintiff Robert Maedel. The consideration paid Brandt by the McIntyres was $700 and that paid by Maedel to them was $850 in cash and the conveyance of a vacant lot which Maedel claims was valued at $1,500, with an assessed value of about $400.

Prior to the execution, delivery and recording of these deeds, defendant Wies had begun an accounting action against Brandt and in connection therewith had filed a *lis pendens* in the office of the register of deeds of Wayne county on May 22, 1939. After determination by this court of the appeal in that case, and while that matter was under remand to the circuit court, the city of Detroit on September 16, 1940, began condemnation proceedings for acquiring land for the Edward J. Jeffries Homes Housing Project. See *In re Edward J. Jeffries Home Housing Project (Appeal of Collins)*, 306 Mich. 638. The condemnation jury in that case returned a verdict of necessity and awarded, as compensation for the taking of the property now in question in this case, $2,000, payable jointly to plaintiff Maedel and defendant Wies. Maedel was unable to obtain payment of this award because the entire amount of the award was claimed by defendant Wies. He filed a bill of complaint seeking an equitable determination of the matter and a decree awarding him the condemnation proceeds in its entirety.

Prior to final determination in the original accounting proceeding, Brandt filed a bill against Wies and others seeking damages by reason of the original action. When the trial of that cause was begun, the instant case of *Maedel* v. *Wies* and Brandt had

been heard on its merits and was awaiting decision. A stipulation, which was filed in the matter now before us, was also filed in the two other cases. It recites the present litigation between the parties and effects a settlement of the two other cases, *i. e., Wies* v. *Brandt* and others, and *Brandt* v. *Wies* and others. This stipulation states that the entire interest of defendant Wies in the instant matter shall be assigned by her to William F. Beyer in consideration of the payment by Brandt to Wies of $1,000.

The trial judge decided that Maedel had no valid claim to the proceeds of the condemnation award. He based this conclusion upon the fact that Maedel "had both constructive and actual notice and knowledge of the suit filed by Miss Wies on May 17, 1939, in which she asked that the trust deed of January 5, 1939, be set aside." The court said:

"The matter had not been finally determined at the time of Maedel's purchase. From all the facts it appears that Miss Wies has been as diligent as possible in the prosecution of her suit against Brandt and apparently the deed was void *ab initio.*"

A decree was entered authorizing the payment of the entire condemnation award to defendant Wies, from which decree Maedel has appealed.

Some of the questions raised by the appellant were settled in the case of *Wies* v. *Brandt,* 294 Mich. 240.

Maedel contends that he is a bona fide purchaser and that the right of Brandt, as trustee, to convey the property in question continued after the entry of the original decree in the trial court dismissing the Wies bill of complaint, and that the notice of *lis pendens* did not terminate or annul Brandt's responsibility to preserve and protect the trust. He cites in support of the proposition authorities to the effect that one who, after a final decree and de-

termination of suit and before an appeal is obtained, purchases in good faith property which is the subject of litigation, such purchaser will be protected. See *Wheeling Creek Gas, Coal & Coke Co.* v. *Elder,* 170 Fed. 215, and *Wingfield* v. *Neall,* 60 W. Va. 106 (54 S. E. 47, 10 L. R. A. [N. S.] 443, 116 Am. St. Rep. 882, 9 Ann. Cas. 982).

The authorities are in agreement that whether or not a *lis pendens* remains in effect and applies to a case during the period allowed for appeal is dependent upon whether or not the appeal is considered as a continuation of the suit. See annotation on this point in 10 A. L. R. 415 and text to the same effect in 2 Am. Jur. p. 845. The following statement is found in 5 Tiffany on Real Property (3d Ed.), p. 85, § 1296:

"As to whether the doctrine of *lis pendens* is effective during the period between the entry of the judgment or decree and the disposition of an appeal or a writ of error, the decisions are conflicting, the doctrine being deemed effective during that period in those jurisdictions which hold that an appeal or writ of error is a continuation of the original suit."

3 Comp. Laws 1929, § 14400 (Stat. Ann. § 27.1184), reads:

"To render the filing of a bill constructive notice to a purchaser of any real estate, it shall be the duty of the plaintiff to file for record, with the register of deeds of the county in which the lands to be affected by such constructive notice are situated, a notice of the pendency of such suit in chancery, setting forth the title of the cause, and the general object thereof, together with a description of the lands to be affected thereby; and it shall thereupon become the duty of the register to record such notice, in a book

kept for that purpose, upon the payment of the same fees as is provided by law for recording deeds. A copy of such record, authenticated by the register, shall be evidence of such notice, and the filing of the same, in all courts and places."

This court held in *Hammond* v. *Paxton,* 58 Mich 393, 398:

"The effect of the suit, and the filing of the requisite notice under the statute upon purchaser or mortgagors *pendente lite,* continues through the entire time of its pendency, and ends when the suit is actually ended by a final decree."

The appeal taken by defendant Wies in her original action against Brandt transferred to this court jurisdiction of that case. *Hughes* v. *Wayne Circuit Judge,* 239 Mich. 110.

When Maedel acquired his interest in the property by deed from the McIntyres, that interest was subject to the outcome of the then pending litigation, and when he received his deed he knew, or must have known, by reason of the *lis pendens,* that he was buying an interest in property then in litigation, *Provident Mutual Life Ins. Co.* v. *Vinton Co.,* 282 Mich. 84, and that such interest was subject to the effect of the final decree in that cause.

The notice of *lis pendens,* once filed, continues in effect during the time allowed for appeal and during consideration by this court of such appeal, and can only be terminated by a final decree. The determination in the final decree was that the conveyance on which Maedel's title rested was invalid; and it must follow, therefore, that Maedel acquired no interest in, or title to, the property in question.

He contends, however, that being in equity he is entitled to reimbursement by defendants Wies and

Brandt for the improvements he has made upon the property. Maedel, however, was not a grantee of either Wies or Brandt but of the McIntyres, who are not parties hereto, and his recourse, if any, is against his grantors.

Appellant contends, also, that defendant Wies' claim to the proceeds of the condemnation award was illegally purchased by defendant Brandt's attorney and that this constitutes champerty. Notwithstanding the fact that this contention was not made in Maedel's bill of complaint nor presented to the trial court, we deem it proper to pass upon the matter because of the challenge to the good faith of an officer of this court.

It is sufficient to note that the inhibition of the champerty statute (3 Comp. Laws 1929, § 13593 [Stat. Ann. § 27.87]) is confined to the purchase of a "thing in action, with the intent and for the purpose of bringing any suit thereon." The claim was not purchased by William F. Beyer until the action was already in progress.

The decree of the trial court directing payment of the entire amount of the condemnation award to Wies "or her assigns" is affirmed, with costs to appellees.

NORTH, C. J., and STARR, WIEST, BUTZEL, SHARPE, BOYLES, and REID, JJ., concurred.