At a telephonic pre-trial conference held June 7, 2018, the court and the parties discussed the Plaintiff's filing of a Notice of Lis Pendens in the real estate records for Newfield Township, Michigan, concerning the Defendants' real property, and the Defendants' corresponding Motion for Cancellation of Notice of Lis Pendens (the "Motion," ECF No. 62). The court felt free to address this matter because all affected parties were present on the call and the party against whom the court is ruling has *869 been fully heard on the issues. Further, the court intends to avoid unnecessary expense on the part of the bankruptcy estate in answering the Motion.
In the Motion, the Defendants ask the court to cancel the Notice of Lis Pendens because the court previously found that the real property, claimed as exempt, is not liable for prepetition or administrative claims, and that recovering the property promised no benefit to the bankruptcy estate. Due to this ruling, the Defendants evidently believe that the Plaintiff can have no valid claim to the property and, therefore, they argue that the court should cancel the Notice of Lis Pendens .
The purpose of a notice of lis pendens, however, is "to warn all persons that certain property is the subject matter of litigation." Black's Law Dictionary (8th ed.), p. 950. It "is designed to warn persons who deal with property while it is in litigation that they are charged with notice of the rights of their vendor's antagonist." Backowski v. Solecki, 112 Mich. App. 401, 412, 316 N.W.2d 434, 438 (1982). The effect of the filing of a notice of lis pendens is to cause after-acquired interests in the property to be taken subject to the outcome of the litigation. M.C.L. § 565.25 ; Provident Mutual Life Ins. Co. v. Vinton Co., 282 Mich. 84, 85-87, 275 N.W. 776, 777 (1937) ; Hedler v. Manning, 252 Mich. 195, 196-97, 233 N.W. 223, 223-24 (1930). Because the court's prior ruling in this adversary proceeding is not yet final and the parties' appeal rights have not yet been exercised, the Plaintiff's Notice of Lis Pendens properly gives notice to those considering acquiring an interest in the real estate that litigation affecting the Defendants' title is ongoing. The need for this protection extends through the conclusion of any appeals. Maedel v. Wies , 309 Mich. 424, 429, 15 N.W.2d 692 (1944) (lis pendens remains in effect during the time allowed for appeal); Fed. R. Civ. P. 64(a) (remedies under state law available in federal civil proceedings).
Moreover, any real estate included within the bankruptcy estate is by definition the subject of civil litigation potentially affecting title.[1] Even without an adversary proceeding premised on a fraudulent conveyance theory, bankruptcy trustees sometimes file notices of lis pendens to guard against the very sort of unauthorized post-petition transfer that the Defendants evidently intended to effect before the Plaintiff filed the notice in this case.
Nothing in this Memorandum of Decision & Order should be construed as limiting the court's earlier rulings against the Plaintiff, but instead should be read as protecting his right to seek meaningful appellate review of those rulings, after entry of a final judgment.
NOW, THEREFORE, IT IS HEREBY ORDERED that the Defendants' Motion for Cancellation of Notice of Lis Pendens (ECF No. 62) is DENIED.
IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision & Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Carol K. Rosich, John Jay Rosich, Jeff A. Moyer, Esq., Andrew J. Gerdes, Esq., and Robert A. Stariha, Esq.
IT IS SO ORDERED.

As the court stated on the record, in view of Schwab v. Reilly , 560 U.S. 770, 130 S.Ct. 2652, 177 L.Ed.2d 234 (2010), the court regards exempt property as remaining in the estate notwithstanding the exemption, unless and until abandoned or administered. Otherwise, the Supreme Court in Schwab should not have blessed the trustee's sale of fully-exempted kitchen equipment in that case.