## Richard Horton v. John S. Ingersoll and Edward Saunders.

*Parties to bill of foreclosure.* — Although complainant, in a foreclosure suit, is not entitled to make persons defendants who claim, by title paramount to the mortgage, in order to cut off their adverse claims, yet where such adverse claimant is also owner of an interest in the equity of redemption, it is proper to make him a party for the purpose of foreclosing such interest.

*Mortgagee cannot use tax title adversely to regular title.* — Taxes due upon mortgaged lands are as much a lien upon the mortgaged interest as upon the equity of redemption; and where one having a second mortgage allows the land to be sold for taxes, and obtains a tax deed, he cannot use such deed adversely to the first mortgage. It inures to the protection and not the destruction of the regular title.

*Heard July 8.     Decided July 10.*

Appeal in Chancery from Berrien Circuit.

The complainant filed his bill on the 17th day of August, 1863, to foreclose a mortgage bearing date September 3, 1856, made by John S. Ingersoll, one of the defendants, and Arnold P. Lane, (since deceased) to the complainant, to secure the payment of $110. The mortgage was duly recorded.

13 MICH.—2A.

The defendant, Saunders, was made a party to the bill under the clause which is commonly inserted in such bills, and which is in these words:

"And your orator expressly charges the fact, that Edward Saunders has, or claims to have, rights and interests in the premises described in said indenture of mortgage, or, in some part or parts thereof, as subsequent purchaser or incumbrancer, or otherwise."

The bill was taken as confessed against Ingersoll. The defendant, Saunders, filed an answer setting forth that he was the owner in fee simple of the mortgaged premises, the title to which he obtained as follows, viz.: The taxes being delinquent, said land was sold by the Treasurer of Berrien county, on or about October 1, 1860, to Samuel Stratton. And on the ninth day of January, 1862, the Auditor General gave a deed therefor to said Stratton, which deed was duly acknowledged and recorded. That said Stratton afterwards, on or about June 11, 1862, conveyed said premises, by deed, to Robert P. Saunders, who with his wife, afterwards and on or about the sixth day of August, 1862, conveyed the premises to the defendant, Edward Saunders. Said deeds were duly acknowledged and recorded, and Saunders claimed to be the absolute owner of the premises by virtue thereof, and made no other defense and set up no other claim than that derived from and through the deed from the Auditor General to Stratton, as above stated. A general replication was filed.

The complainants proved the execution of the mortgage and notes; the death of Lane, one of the mortgagors; the amount due on the mortgage; a quit claim deed, of Ingersoll and wife, dated September 30, 1856, to said Lane and wife, of the mortgaged premises, duly acknowledged and recorded. A mortgage made by said Lane and wife, of the mortgaged premises, dated 21st of

Frebruary, 1857, to Robert P. Saunders, to secure the payment of $196, duly acknowledged and recorded. A deed of said premises, made on the 21st day of September, 1857, by James Graham, under sheriff of said county, to James Brown. The deed recited the making of said mortgage, by Lane and wife, to Robert P. Saunders, and the publication of a notice that the premises would be sold on the 21st day of September, A. D. 1857, at the Court house in Berrien, and that on said day he, the said James Graham, sold said premises at public vendue to said James Brown for $283 58. Said deed was duly acknowledged and recorded, and was, in all respects, in the ordinary form of deeds made by sheriffs at the sale of lands, on foreclosure of mortgages by advertisement under the statute.

He also proved a quit claim deed of the premises in question, made by James Brown to Robert P. Saunders, dated 8th of September, 1859, duly acknowledged and recorded; and a warranty deed of the same premises from Robert P. Saunders and wife to Edward Saunders, dated August 6th, 1862, duly acknowledged and recorded.

The defendants introduced, in evidence, a deed of said premises from the Auditor General of the State of Michigan to Samuel Stratton, dated 9th of January, 1862 which deed recited that a sale of the premises was made on the first day of October, 1860, by the Treasurer of said county, for the delinquent taxes of the year 1859, and that said Stratton became the purchaser at such sale.

Also a quit claim deed of the same premises from said Stratton and wife to Robert P. Saunders, dated June 11th, 1862, and a deed of the premises made by Robert P. Saunders and wife to Edward Saunders, the defendant, dated August 6th, 1862. These deeds were all recorded.

The Court below granted a decree for the sale of the premises, to satisfy the amount due on the mortgage.

The defendant Saunders appealed.

*S. N. Taylor,* for complainant.

1. The equity of redemption of the land in question is in defendant Saunders, for he now holds the title of the mortgagors, Lane and Ingersoll, having aquired the same since the date of complainant's mortgage. He is therefore a proper party defendant to this suit.—*Lansing v. Brady & Gilson,* 10 *Cal.* 265; *Chamberlain v. Lyell,* 3 *Mich.,* 448; *Eagle Fire Ins. Co. v. Lent et al.,* 6 *Paige,* 635; *Story's Eq. Pl,* §177, §193; 2 *Barb. Ch., pr.* 174; *Corning & Homer v. Smith,* 2 *Seld., N. Y.,* 82. *Wanzer v. Blanchard et al.,* 3 *Mich.,* 11.

The title acquired by a sale of land for taxes has nothing to do with the previous chain of title, nor does it in any manner connect itself with it. It is the breaking up of all titles and operates not to support but to destroy them. — *Lacy v. Davis & McFarren,* 4 *Mich.,* 140.

Whatever title Edward Saunders may have acquired by virtue of the tax title, set up in his answer, being adverse to the title and interest sought to be foreclosed, cannot be litigated in this suit. — *Bank v. Walker,* 3 *Barb. Ch.,* 438.

2. But, even if defendant's tax title could be litigated in this suit, it would not establish a defence to this foreclosure. Robert P. Saunders owned the equity of redemption of the mortgaged premises, by virtue of a deed from James Brown as early as September 8, 1859, some months before the taxes of 1859 became due and payable, and the land in question was not sold for the taxes of 1859 until October, 1860.

Robert P. Saunders could not strengthen his own title, or defeat complainant's mortgage, by allowing the land to be sold for taxes, and he becoming the purchaser, either directly or through a third person. — *Page v. Webster et al.,* 8 *Mich.,* 263.

*N. Bacon*, for defendant.

1. Saunders claims by no other title than that which is derived from the deed of the Auditor General.

The complainant, it is true, attempted to show that he derived title from the foreclosure of a mortgage, made by Lane and wife to Robert P. Saunders, in February, 1857. The only proof of which was the deed of the sheriff to James Brown. This was not enough. He should have gone further and shown the advertisement and sale. — *Barnum v. Carhart*, 10 *Mich. R.*, 338.

2. The deed from the Auditor General cut off and extinguished all prior title and incumbrances. Among them was the mortgage of the complainant. — *Sibley v. Smith*, 2 *Gibbs.*, *Mich. R.*, 486, 1 *Comp. Laws*, p. 318, §124.

BY THE COURT:

The proceeding which was had for the foreclosure of the second mortgage, whether regular or irregular, had the effect to transfer at least the mortgage interest to the purchaser; and when he deeded to Saunders, the latter occupied the position of subsequent mortgagee as to Horton, who, in foreclosing his mortgage, was entitled to make him a defendant. The fact that Saunders had also become the holder of a tax title can make no difference. Horton has the right in this suit to foreclose all interests derived from the mortgagor subsequent to his own mortgage; and a claim which a party makes adverse to this mortgage, cannot be used to shield and protect one which is not adverse, but subject to it. But inasmuch as the taxes for which the land was sold were burdens which had to be removed, in order to protect the mortgage interest, upon which they were as much charged as upon the equity of redemption, Saunders could not, by purchasing the tax title, obtain the

right to use it adversely, and it simply inures to the protection, not to the destruction, of the regular title.

There is no error in the decree, and it must be affirmed.