DAMIEN HEIM, SR. AND DAMIEN HEIM, JR. v. DAVID B. ELLIS.

*Notice lis pendens—Recording laws—Destruction of record*

Filing a notice *lis pendens* in a suit to correct a deed is notice to the world that defendant is liable to be divested of any title claimed by him ; and any subsequent purchaser of a mortgage, given by defendant takes it with constructive notice of that fact even though he never knew of the *lis pendens* or though it had without his fault been lost from the files and not been entered on the file-book.

If the defendant in a bill to remove a cloud from title relies on the recording laws to divest the real owner of an actual title, he must make a case that is *strictissimi juris* and bring it within the statute in every particular ; otherwise he can have no protection.

The notice implied from a statutory record is not defeated by its careless loss or accidental destruction after it has been duly filed ; if the statute requiring it to be filed has been once complied with, the effect as notice continues even though the record may fail, for accidental reasons or otherwise, to give the desired information.

Appeal from Washtenaw. Submitted October 3. Decided October 18.

BILL to remove cloud from title. Complainants appeal. Reversed. Decree granted.

*Geo. W. Turnbull, Beakes, Cutcheon & Stellwagen* and *Albert Crane* for complainants. When notice *lis pendens* is delivered to the register of deeds with instructions to file, it is operative, although the register neglects to index it: *Sinclair v. Slawson* 44 Mich. 123; and one who has actual notice is bound by the decree: *Baker v. Pierson* 5 Mich. 456.

*Frank Hinckley* for defendant. Notice *lis pendens* is not effective unless the record shows it: Comp. L. § 3483; *Drew v. De quindre* 2 Doug. (Mich.) 93; *Baker v. Pierson* 5 Mich. 458; if not found it is presumed that no such paper ever was filed: *Hall v. Kellogg* 16 Mich. 135; and parol testimony as to it is inadmissible: *McCaslin v. Camp* 26 Mich. 390; if it is claimed that the record is lost, application to restore it should be made (Comp. L. § 6055) and if restored the substitute may be given in evidence: Comp. L. § 6058.

COOLEY, J. The bill in this case is filed to remove from the title to land owned by complainants the cloud of a mortgage which defendant is seeking to foreclose.

The material facts in the case are the following: March 7, 1859, James Wilkinson and Thomas Wilkinson were owners of the lands in question, and also of others. They sold another parcel to one Gates, and either by mistake or by fraud the deed they gave was made to include the land now owned by complainants. Gates fraudulently quitclaimed this last parcel to Francis R. Gorton, in November, 1859, and Gorton in May, 1860, quitclaimed to Jerome Perry, who gave back a mortgage for $450, payable one-half in one year and one-half in two years. In June, 1860, the Wilkinsons, having discovered the error in their deed, filed a bill against Gates and Perry for its correction, and obtained a decree as prayed in the following year. While the equity suit was pending Perry assigned the mortgage to Joseph C. Stoll, and Stoll assigned to defendant. Nothing appears to have been done with these assignments, and no attempt

made to enforce payment of the mortgage until July 26, 1879, when the assignment to Stoll was placed upon record, and defendant instituted proceedings to foreclose under the power of sale.

This recital of facts shows beyond question that the mortgage had no original validity. The defendant, however, insists that he became *bona fide* purchaser of it in reliance upon an apparently good title of record, and that he is therefore entitled to the protection of the recording laws. We are not satisfied from the evidence that he became assignee of the mortgage in good faith. Circumstances appear in the evidence indicating the contrary, and his long and unexplained delay in taking any proceeding to collect is, to say the least, very suggestive. But it is not important to consider these circumstances, as we think that under the recording laws the defense fails.

It is shown in this case that in the suit to correct the Wilkinson deed a notice of *lis pendens* was duly filed. This notice has been lost from the files and was not entered on the file-book as it should have been; but that was not the fault of the party. The filing of the notice was a warning to the whole world that any title Perry claimed was liable to be divested by that suit; and whoever became purchaser of the mortgage afterwards would take it with constructive notice. If in point of fact he never saw or heard of the *lis pendens*, that was his misfortune; but one who relies upon the recording laws to take from the real owner an actual title must always understand that his case is *strictissimi juris*, and that unless he brings it within the statute in every particular, he is entitled to no protection. The notice implied from a statutory record is not defeated by a careless loss or accidental destruction. If the statute is once complied with, the effect as notice continues notwithstanding the record may fail, from accidental or other reasons, to give the designed information.

We think the complainants entitled to the relief prayed, and it will be ordered accordingly. They will recover costs.

The other Justices concurred.