HEDLER *v.* MANNING.

1. EQUITY—PLEADING—RESCISSION—ALTERNATIVE PRAYER FOR DAMAGES.

 Bill for rescission with alternative prayer for damages for fraud if rescission be impracticable is well laid.

2. BILLS AND NOTES—MORTGAGES—CANCELLATION—FRAUD.

 Relief by way of cancellation of notes and mortgage in satisfaction of damages for fraud by which they were procured is proper.

3. PARTIES—PURCHASER OF NOTE SUED ON SHOULD BE PARTY.

 Motion to make purchaser of mortgage note, who purchased after *lis pendens* was filed and took with actual knowledge of suit for cancellation on ground of fraud, party to said suit should have been granted (3 Comp. Laws 1915, § 12364).

4. LIS PENDENS—PURCHASER WITH NOTICE BOUND ALTHOUGH NOT PARTY.

 Purchaser of mortgage note, who purchased after *lis pendens* was filed and with actual knowledge of suit for cancellation on ground of fraud, is bound by decree, although not made party to suit.

Appeal from Newaygo; Barton (Joseph), J. Submitted October 17, 1930. (Docket No. 103, Calendar No. 35,057.) Decided December 2, 1930.

Bill by Charles H. Hedler and others against Elbert M. Manning and others for rescission of contract for exchange of real estate and for accounting. From decree for plaintiffs, defendants appeal. Affirmed.

*Harry D. Reber,* for plaintiffs.

*William J. Branstrom,* for defendants.

Fead, J.· Plaintiffs traded an apartment building in Chicago to defendants Manning for a hotel in Newaygo, giving to defendant Trust Company a trust mortgage of the hotel property to secure a note to bearer, to cover the balance. Defendants Manning defrauded plaintiffs in the trade. The trade included furnishings of the hotel, for the purchase of which plaintiffs gave notes to defendants Manning. The bulk sales act (2 Comp. Laws 1915, § 6346 *et seq.*) was not followed because defendants represented they owed no debts except two, which plaintiffs assumed. The representation was false.

Plaintiffs discovered the fraud about a month after they took possession of the hotel. They offered to trade back. Defendants disposed of the apartment. Plaintiffs commenced this action for rescission, praying in the alternative that, if rescission could not be decreed, they be awarded damages for the fraud, cancellation of the notes and trust mortgage, and injunction restraining their transfer. Defendants Manning filed cross-bill, asking judgment on the notes given for furnishings. After *lis pendens* was filed, defendants sold the mortgage note to Dr. O'Grady, who took with actual knowledge of the suit, subject to its outcome, who was a witness at the trial, and bore the cost of the defense.

The court found defendants Manning guilty of fraud, and assessed plaintiffs' damages at a sum just sufficient to cancel the trust note and mortgage and the furniture notes. The finding of fraud was justified by the testimony, which warranted a larger judgment. The court ordered the notes and trust mortgage canceled, required defendants to surrender and deliver them up, and, in lieu thereof, that a

certified copy of the decree be recorded to operate as a discharge of the mortgage.

A bill for rescission with alternative prayer for damages for fraud if rescission be impracticable is well laid. *Jefferson Park Land Co.* v. *Wayne Circuit Judge,* 234 Mich. 341. Relief by way of cancellation of notes and mortgage, in satisfaction of damages for fraud by which they were procured, is proper. *Smith* v. *Werkheiser,* 152 Mich. 177 (15 L. R. A. [N. S.] 1092, 125 Am. St. Rep. 406); *Albright* v. *Stockhill,* 208 Mich. 468.

At the hearing, plaintiffs moved that Dr. O'Grady be made a party to the action. The court did not pass upon the motion. It should have been granted. 3 Comp. Laws 1915, § 12364. However, by purchasing after *lis pendens* was filed, and by assuming the defense, Dr. O'Grady was bound by the decree. *Bachelder* v. *Brown,* 47 Mich. 366; *Carpenter* v. *Carpenter,* 136 Mich. 362. The decree granted no personal relief against Dr. O'Grady, and, as plaintiffs have not appealed, there is no occasion for now making him a party.

Decree is affirmed, with costs.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.