PROVIDENT MUTUAL LIFE INS. CO. *v.* VINTON CO.

1. LIS PENDENS—SUIT TO FORECLOSE MORTGAGE—SUBSEQUENT TRANS-
   FERS.

    Purchaser of interest in land, involved in suit to foreclose a
    mortgage, after filing of notice of *lis pendens held*, bound by
    whatever appears in the bill of complaint and proceedings
    thereunder, as one may not purchase any portion of the sub-
    ject matter of litigation and thereby defeat the object of suit
    (3 Comp. Laws 1929, § 14400).

2. SAME—PARTIES—INTERVENTION OF SUBSEQUENT PURCHASERS.

    One who does not have any interest in real estate at time bill to
    foreclose mortgage thereon and notice of *lis pendens* is filed is
    not a proper party defendant but must petition to intervene
    if he desires to be heard in such suit after acquiring an inter-
    est (3 Comp. Laws 1929, § 14400).

3. MORTGAGES—FORECLOSURE OF INTERESTS DERIVED FROM MORTGAGOR.
    A mortgagee has a right to foreclose all interests derived from
    the mortgagor subsequent to his own mortgage.

4. SAME—FORECLOSURE—CONFIRMATION OF SALE.

    Ordinarily no one may file objections to the confirmation of a
    sale under mortgage foreclosure proceedings except parties
    having an interest in the subject matter.

5. SAME—FORECLOSURE IN EQUITY—FORM OF NOTICE OF SALE—DE-
   SCRIPTION.

    While no statute in this State prescribes a precise form of notice
    of sale that shall be given upon a foreclosure in equity, the
    property to be sold must be described therein with such a
    reasonable degree of certainty that the public by the exercise
    of ordinary intelligence may be enabled to identify it, and
    may be directed to the means of obtaining an exact descrip-
    tion if desired; it being generally sufficient to follow the de-
    scription contained in the mortgage, or a description in accord-
    ance with the statute providing for the sale of real estate on
    execution (3 Comp. Laws 1929, § 14621).

6. SAME—FORECLOSURE—CONFIRMATION OF SALE.

In foreclosure proceedings, the trial court has a broad discretion in relation to confirmation and a sale in conformity with the decree entered will ordinarily be confirmed; mere irregularities not being sufficient to prevent confirmation.

7. SAME—FORECLOSURE—DESCRIPTION OF PREMISES—CONFIRMATION OF SALE—EASEMENTS—OBJECTING PARTY—LIS PENDENS.

Fact that supporting wall easement was not mentioned in notice of sale under foreclosure proceedings although description was otherwise in conformity with that contained in decree from which no appeal was taken, *held,* not to affect right to enjoyment of the easement or afford grounds for not confirming sale on objections raised by one who purchased an interest in the property subsequent to commencement of suit and filing of *lis pendens* (3 Comp. Laws 1929, § 14400).

Appeal from Wayne; Marschner (Adolph F.), J. Submitted October 12, 1937. (Docket No. 99, Calendar No. 39,736.) Decided November 10, 1937.

Bill by Provident Mutual Life Insurance Company against Vinton Company, a Michigan corporation, and others for the foreclosure of a real estate mortgage. Decree for plaintiff. Objection to confirmation of sale filed by Alois Parmentier. From order confirming sale, Alois Parmentier appeals. Affirmed.

*Sidney K. Meyer,* for appellant.

*Miller, Canfield, Paddock & Stone,* for appellee.

POTTER, J.   Plaintiff filed a bill to foreclose a mortgage on real estate situated in the city of Detroit. September 14, 1936, a decree was entered therein, finding approximately $177,516.94 due upon said mortgage. The decree provided:

"That said premises be sold subject to whatever rights defendant, Equitable Trust Company, a Mich-

igan corporation, as trustee and as receiver, may have in a certain supporting wall easement for the benefit of property immediately adjoining on the south of the mortgaged premises * * * such rights being described and set forth in deed recorded May 15, 1931, in liber 3588 of deeds on page 537, register No. B-213237, Wayne county register of deeds office.''

The decree determined the rights of the Equitable Trust Company, as trustee and as receiver, ''are confined solely to a supporting wall easement in favor of property immediately adjoining the mortgaged premises on the south, in which property adjoining on the south defendant, Equitable Trust Company, as trustee and receiver, claims an interest,'' which supporting wall easement is described and set forth in the deed above referred to. The decree provided the mortgaged premises were to be sold subject to whatever rights defendant, Equitable Trust Company, as trustee and as receiver, may have in the supporting wall easement. The decree further provided:

''The description of the property adjudged to be subject to the plaintiff's mortgage and authorized to be sold under and by virtue of this decree is that certain piece or parcel of land situate and being in the city of Detroit, county of Wayne and State of Michigan, described as follows, to-wit:

''Lot 3 and northerly 17 feet of lot 2, block 89 Cass farm, according to the plat thereof as recorded in Liber 1, pages 175, 176 and 177, of Plats, Wayne County Records, together with hereditaments and appurtenances thereof.''

Sale was made of the mortgaged premises and Alois Parmentier, claiming to have acquired an

interest therein subsequent to the commencement of the foreclosure proceeding, filed objections to confirmation.

There is no claim the proper parties defendant were not named in the bill of complaint. Whatever interest Parmentier may have in the property, he acquired after the commencement of suit and filing of notice of *lis pendens* in pursuance of 3 Comp. Laws 1929, § 14400. As such subsequent purchaser, Parmentier is bound by whatever appears in the bill of complaint and proceedings thereunder. *Alterauge* v. *Christiansen,* 48 Mich. 60; *Cossett* v. *O'Riley,* 160 Mich. 101. He acquired his interest in the suit subject to the outcome of the pending litigation for the foreclosure of the mortgage. One may not purchase any portion of the subject matter of litigation and thereby defeat the object of suit. 38 C. J. p. 55. Parmentier knew, when he acquired title, he was buying an interest in property in litigation. Not having an interest in the real estate at the time the bill was filed, he was not a proper party defendant. After having acquired an interest in the property, if he desired to be heard, he might have made an application for intervention. But he did not see fit to do so. The mortgagee had a right to foreclose all interests derived from the mortgagor subsequent to his own mortgage. *Horton* v. *Ingersoll,* 13 Mich. 409. Ordinarily, no one may file objections to the confirmation of a sale except parties having an interest in the subject matter. Assuming Parmentier acquired an interest in the subject matter after the foreclosure bill was filed, and had the right to be heard upon the confirmation of sale, the question is whether his objections to the confirmation of sale are well taken.

There is no statute in this State which prescribes a precise form of notice of sale that shall be given upon a foreclosure in equity.

"Insofar as the details of the notice are not prescribed by statute, or if there is no statute on the subject, and no special provisions as to notice in the instrument conferring the power of sale, no particular form of words is necessary to make a good notice." 41 C. J. p. 949.

"The property to be sold must be described in the notice with such a reasonable degree of certainty that the public by the exercise of ordinary intelligence may be enabled to identify it, and may be directed to the means of obtaining an exact description if desired." 41 C. J. p. 951.

"The notice of sale must describe the property with substantial accuracy, and in such a manner as to identify it clearly and inform intending purchasers of its situation, character and extent. For this purpose it is generally sufficient to follow the description contained in the mortgage." 42 C. J. p. 194.

In *Newman* v. *Jackson,* 12 Wheat. (25 U. S.) 570, where there was no statute involved, it was said:

"The law has prescribed no particular form for a notice of this description. It is sufficient, if, upon the whole matter, it appears calculated reasonably to apprise the public of the property intended to be sold."

In the sale of real estate under mortgage foreclosure, the description thereof in accordance with the statute providing for the sale of real estate on execution is usually regarded as sufficient. This statute provides:

"In every such notice, the real estate to be sold shall be described with common certainty, by setting forth the name or number of the township in which it is situated, and the number of the lot, or by some other appropriate description of the premises." 3 Comp. Laws 1929, § 14621.

In foreclosure proceedings, the trial court has a broad discretion in relation to confirmation; and a sale in conformity with the decree entered will ordinarily be confirmed. 1 Wiltsie on Mortgage Foreclosure (4th Ed.), § 729. Mere irregularities are not sufficient to prevent confirmation. 1 Wiltsie on Mortgage Foreclosure (4th Ed.), § 731.

The notice of sale of the premises herein was in conformity to the description specifically mentioned in the decree and authorized and directed to be sold. No appeal was taken from that decree. It is a final one. No mention was made of the easement. A similar question was before the court in *Flax* v. *Mutual Building & Loan Ass'n of Bay County,* 198 Mich. 676. Though the claimed easement was not specifically mentioned in the notice of sale, it was mentioned in the decree, and the right to its enjoyment not affected by the sale.

Decree of the trial court affirmed, with costs.

Fead, C. J., and North, Wiest, Butzel, Bushnell, Sharpe, and Chandler, JJ., concurred.