IACCO v BOHANNON

1. LIBEL AND SLANDER—REPUTATION—ESTIMATION OF COMMUNITY—
   ASSOCIATION WITH THIRD PERSONS.

   A communication is defamatory if it tends so to harm the
   reputation of another as to lower him in the estimation of the
   community or to deter third persons from associating or deal-
   ing with him.

2. LIBEL AND SLANDER—DUTIES OF HIGH SCHOOL COACH—QUALIFIED
   PRIVILEGE—CRITICISM OF PLAYERS.

   A coach of a high school basketball team has a duty to criticize
   the actions of the players with respect to their performance as
   members of the team and to act in a fashion which will
   promote maximum team effort; therefore, a defendant basket-
   ball coach, who was being sued for libel and slander by a player
   for statements made by the coach in line with his duties when
   the coach suspended the plaintiff from the team, was clothed
   with a qualified privilege to make such statements.

3. LIBEL AND SLANDER—QUALIFIED PRIVILEGE—ACTUAL MALICE—IM-
   PROPER MOTIVES—ILL WILL.

   One who is clothed with a qualified privilege is liable for defama-
   tory statements only where the statements are made with
   actual malice and activated by improper motives and ill will.

4. JUDGMENT—SUMMARY JUDGMENT—LIBEL AND SLANDER—SLANDER
   PER SE—SPECIAL DAMAGES.

   Summary judgment for failure to state a claim upon which relief
   could be granted, in favor of a defendant in an action for
   slander was proper where a plaintiff acknowledged that there
   was no slander per se and the plaintiff failed to plead and
   prove the special damages which were necessary to allow the
   plaintiff to recover.

REFERENCES FOR POINTS IN HEADNOTES
[1] 50 Am Jur 2d, Libel and Slander § 22.
[2, 3] 50 Am Jur 2d, Libel and Slander §§ 195–198.
[4] 50 Am Jur 2d, Libel and Slander §§ 362, 368.
[5] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 65 *et
seq.*

5. Schools and School Districts—Governmental Immunity—Tort Liability—Physical-Education Activities.

A school district is a governmental agency that is clothed with governmental immunity from tort liability when engaged in a governmental function; the physical-education activities of a school district constitute a governmental and not a proprietary function.

Appeal from Clare, William R. Peterson, J. Submitted January 8, 1976, at Lansing. (Docket No. 24502.) Decided August 4, 1976. Leave to appeal applied for.

Complaint by Daniel A. Iacco against John Bohannon and the School District of Clare for damages for libel and slander. Summary judgment for defendants. Plaintiff appeals. Affirmed.

*Gorte & Brady,* for plaintiff.

*Hughes & Trucks,* for defendants.

Before: Danhof, P. J., and V. J. Brennan and M. J. Kelly, JJ.

V. J. Brennan, J. Plaintiff appeals as of right from the May 19, 1975, order granting summary judgment in favor of defendants in plaintiff's action for libel and slander.

In April of 1973, plaintiff, a high school student at Clare High School, commenced this action for libel and slander against defendant Bohannon, a teacher and basketball coach at said school, and defendant school district, Bohannon's employer. The complaint averred that plaintiff was a good student, a good athlete and of a good reputation in the community. It was alleged that plaintiff was the captain of the varsity basketball team of which Bohannon was the coach. The complaint further alleged that on March 5, 1973, as the basketball team was preparing to enter the state basketball

tournament playoffs, defendant Bohannon "did intentionally call and gather together the other members of the Clare High School varsity basketball team and in their presence announced the suspension of your plaintiff from the aforesaid basketball team, and furthermore accused your plaintiff of conduct which was detrimental to the harmony of said basketball team" by way of the following statement:

"You are suspended from the March 5th game against Beaverton. To be reinstated there must be an advert [overt?] and sustained demonstration of team loyalty. We must see and hear your faith in your team's ability to win."

The amended complaint further averred that subsequent to the above-noted statement, Bohannon distributed to the returning lettermen, reserves and basketball prospects for the 1973–74 high school basketball season a written statement containing the following language:

"The prime factor that hindered our Varsity basketball effort this past season was a lack of loyalty. This lack of loyalty was evident in some of the students, and even some of our teammates.

"I cannot stress enough my conviction to go with those players on the varsity, junior varsity, and freshman team that display appropriate attitude.

"Therefore, if you plan to play high school basketball for Clare (1) Develop and, or maintain loyalty."

On appeal, plaintiff assigns as error the granting of summary judgment in favor of defendants on the basis that words imputing disloyalty on the part of plaintiff to his high school basketball team did not constitute actionable libel or slander. He also argues that the trial court should not have

ruled that defendant school district was clothed with governmental immunity.

The motion for summary judgment, as it pertains to both defendants, was on the basis that plaintiff failed to state a claim upon which relief could be granted. GCR 1963, 117.2(1). The trial court held that the language was not of so serious a nature as to hold a person up to ridicule and contempt, and, thus, was not actionable as a matter of law. Accordingly, the "question that must be decided by this Court is whether, accepting all well-pleaded facts as being true, the * * * [language] so published is capable in law of a defamatory meaning". *Robbins v Evening News Association,* 373 Mich 589, 590; 130 NW2d 404 (1964).

The Supreme Court, in *Nuyen v Slater,* 372 Mich 654, 662; 127 NW2d 369 (1964), in addressing itself to the question of whether there was actionable defamation, relied upon the definition of actionable defamation contained in 3 Restatement of Torts, § 559, p 140, wherein it is stated:

"A communication is defamatory if it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him."

The question in the instant case would thus seem to become whether the imputation on the part of defendant Bohannon that plaintiff was disloyal to his high school basketball team by reason of his lack of faith in that team's ability to win tends to so harm plaintiff's reputation as to lower him in the estimation of the community or to deter others from associating or dealing with him.

Plaintiff concedes that the language used was not actionable per se, or in other words that

language used was not so noxious that injury from the language could be presumed at law. See 50 Am Jur 2d, Libel and Slander, § 9, pp 522–524. Since the language used is not actionable per se, its defamatory nature, if any, must be established from the totality of the circumstances.

We find that defendant Bohannon was clothed with a qualified privilege to make such statements. See generally, *Bostetter v Kirsch Co,* 319 Mich 547, 555–560; 30 NW2d 276 (1948), *Everest v McKenny,* 195 Mich 649, 655–659; 162 NW 277 (1917). As coach of the Clare team, defendant Bohannon had a duty to criticize the actions of the players with respect to their performance as members of the team and to act in a fashion which would promote the maximum team effort. Further, he was not an employer and so authority finding no privilege in this context is inapplicable. *Sias v General Motors Corp,* 372 Mich 542, 548; 127 NW2d 357 (1964).

Where one is clothed with a qualified privilege, liability for defamation attaches only when the statements are made with actual malice and activated by improper motives and ill will. *Grist v The Upjohn Co,* 16 Mich App 452, 485–489; 168 NW2d 389 (1969). In this case, were all plaintiff's allegations taken as true, still we do not find a showing or motive sufficient to defeat the qualified privilege defendant Bohannon possessed and so allow plaintiff to recover on a libel allegation under these facts.

Further, as to the allegation of slander, since plaintiff acknowledges that there was not slander per se, plaintiff would have to show special damages *(i.e.,* damages of a pecuniary nature) in order to recover. Since plaintiff failed to plead and prove such damage, but only pleaded general damage to

his reputation and feelings, summary judgment as to the slander allegation was proper. See *Swagman v Swift and Co,* 7 Mich App 608, 612; 152 NW2d 562 (1967).

Plaintiff's argument that the trial court incorrectly ruled that defendant school district was clothed with governmental immunity has previously been decided by this Court. *Lovitt v Concord School District,* 58 Mich App 593, 596; 228 NW2d 479 (1975).

The order granting summary judgment is affirmed.

Costs to defendants-appellees.