**PATTEN CORPORATION, a Massachusetts corporation, Plaintiff and Counterdefendant,**

v.

**CANADIAN LAKES DEVELOPMENT CORPORATION, a Michigan corporation, Defendant and Counterplaintiff.**

**No. 1:90–CV–499.**

United States District Court, W.D. Michigan, S.D.

Sept. 25, 1991.

Peter A. Smit, Varnum, Riddering, Schmidt & Howlett, Grand Rapids, Mich., for Patten Corporation.

Jeffrey O. Birkhold, Warner, Norcross & Judd, Grand Rapids, Mich., for Canadian Lakes Development Corp.

## OPINION

BENJAMIN F. GIBSON, Chief Judge.

On June 7, 1990, plaintiff/counterdefendant Patten Corporation ("plaintiff") filed the present diversity action against defendant/counterplaintiff Canadian Lakes Development Corporation ("defendant") for breach of contract, unjust enrichment, and an equitable lien upon certain real property owned by defendant. Concurrently with filing the complaint, plaintiff filed a notice of lis pendens in Mecosta County, Michigan. On June 15, 1990, defendant counterclaimed for slander of title. On August 3, 1990, Magistrate Judge Joseph G. Scoville cancelled the notice of lis pendens. On February 8, 1991, plaintiff's unjust enrichment and equitable lien claims were voluntarily dismissed. Presently pending is plaintiff's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) as to defendant's counterclaim for slander of title.

## I.

Plaintiff is engaged in the business of marketing land in recreation and resort areas. Defendant is in the business of developing real estate in Mecosta County, Michigan. On or about March 26, 1988, the parties entered into an agreement which *inter alia* granted plaintiff the exclusive right to market defendant's real property, commonly known as the Canadian Lakes Development, for a period of three years. In late 1989 on into early 1990, defendant became concerned that plaintiff was not fully complying with the contract. The contractual relationship eventually disintegrated; and on June 7, 1990, plaintiff filed the present lawsuit along with its notice of lis pendens.[1]

Paragraph 19 of the parties' agreement guaranteed that plaintiff would generate minimum yearly sales of $1,500,000.00, resulting in a minimum yearly payment to defendant of $600,000.00 or forty percent of the yearly sales. Paragraph 20 of the contract provided that in the case of termination, any cash improvements made by plaintiff on the undeveloped acreage would be credited towards the $600,000.00 minimum payment. The contract also gave plaintiff the option to purchase undeveloped land for forty percent of the market price of the land. Agreement at Paragraph 9.

Plaintiff's complaint was originally brought in three counts. Count I alleges a breach of contract, and plaintiff seeks damages for loss of profits and the recovery of funds expended in developing and improving defendant's land. Count II alleges a claim for unjust enrichment and Count III seeks to impose an equitable lien on all of defendant's remaining lots. Additionally, plaintiff's notice of lis pendens states:

> Notice is hereby given that a suit has been commenced and is pending in said court, upon a complaint filed by the above-named plaintiff against the above-named defendant. The properties affected by said suit are situated in the County of Mecosta and are described as follows to wit. . . .

Plaintiff's Exhibit A.

Plaintiff had two options in proceeding with litigation on the contract. First, pursuant to paragraph nine, it could have sought specific performance of its option to purchase undeveloped acreage for forty percent of market value. To seek specific performance, plaintiff would have been required to tender the purchase price to defendant and inform defendant that it was ready, willing, and able to market this land pursuant to the parties' agreement. If defendant refused to comply with the terms of the agreement, plaintiff's breach of contract claim would have affected title to

---

1. For a more complete statement of facts, see this Court's Opinion and Order dated April 4, 1991, denying defendant's motion for partial summary judgment.

defendant's land and the notice of lis pendens would have been properly filed.

However, rather than seeking specific performance, plaintiff chose to seek damages for a breach of contract as measured by paragraphs 19 and 20 of the agreement. As Magistrate Judge Scoville found:

> Count 1 says that the contract is over; the plaintiff accepts that it's over but wants its lost profits and lost investment. And that is just a claim for money. That has nothing to do with the title, use, or enjoyment of the land.

*Patten Corp. v. Canadian Lakes Development Corp.*, No. 1:90–CV–499, Magistrate's bench op. at 8 (W.D.Mich. Aug. 3, 1990). Accordingly, Magistrate Judge Scoville concluded that the notice of lis pendens was improperly filed and the Court cancelled the notice.

In its counterclaim for slander of title, defendant argues that not only was the notice of lis pendens improperly filed, it was maliciously filed. Defendant has presented two key pieces of evidence to support its contention. First, the Notice was filed on June 7, 1990. Defendant had a grand opening sale scheduled for June 9, 1990 (the "Fawn Lake" sale). Defendant contends that the notice severely affected the Fawn Lake sale and was specifically designed to do just that.[2] Moreover, defendant has presented a May 9, 1990, memorandum written by J. Kevin Jordan, plaintiff's representative responsible for the Canadian Lakes Development. The memorandum was apparently written to inform plaintiff's management of the status of the present controversy. Jordan stated, *inter alia*, "The legal process is at a point where we will be filing liens to encumber this property and force [defendant] to deal with us." Defendant's Exhibit D.

## II.

Defendant's motion is brought pursuant to Federal Rule of Civil Procedure 12(c). However, both parties have presented the Court with matters outside the pleadings. Thus, pursuant to Rule 12(c), the Court will

treat plaintiff's motion as one for summary judgment. Summary judgment is appropriate when "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Atlas Concrete Pipe, Inc. v. Roger J. Au & Son, Inc.*, 668 F.2d 905, 908 (6th Cir.1982). There is no material issue of fact for trial unless, by viewing the evidence in favor of the nonmoving party, a reasonable jury could return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986); *Boddy v. Dean*, 821 F.2d 346, 349 (6th Cir. 1987). "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2511 (citations omitted).

The party moving for summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which demonstrate the absence of a material issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Potters Medical Center v. City Hospital Association*, 800 F.2d 568, 572 (6th Cir.1986). Once the moving party has met its burden, the nonmoving party must go beyond the pleadings and come forward with specific facts to show that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *Celotex*, 477 U.S. at 322–24, 106 S.Ct. at 2552–53. If after adequate discovery the party bearing the burden of proof fails to make a showing sufficient to establish an essential element of his claim, summary judgment is appropriate. *Id.*

## III.

■■■ Michigan law provides that, in order to render constructive notice of the filing of a complaint to a purchaser of any real estate, a notice of lis pendens shall be filed by the plaintiff. M.C.L.A. § 600.-2701(1). A notice of lis pendens is defined as:

---

2. According to defendant, similar grand openings had generated sales of from $1,047,373.00 to $1,448,896.00. By contrast, the Fawn Lake grand opening generated sales of $495,265.00.

A notice filed on public records for the purpose of warning all persons that the title to certain property is in litigation, and that they are in danger of being bound by an adverse judgment.

Black's Law Dictionary, 840 (5th ed. 1979). *See also Backowski v. Solecki*, 112 Mich. App. 401, 316 N.W.2d 434 (1982). Magistrate Judge Scoville determined that the notice of lis pendens filed by plaintiff was improper because the present lawsuit does not involve the title, use, or enjoyment of land. Plaintiff's only viable claim is for damages.[3]

Plaintiff argues that a slander of title action cannot be predicated on the filing of notice of lis pendens. Because the notice is filed in the course of litigation, it is absolutely privileged. *See generally Parks v. Johnson*, 84 Mich.App. 162, 166, 269 N.W.2d 514 (1978) (absolute privilege applies to language used in legislative, judicial, and executive proceedings). An absolutely privileged communication is not actionable for libel or slander even if it is made maliciously. *Timmis v. Bennett*, 352 Mich. 355, 363–64, 89 N.W.2d 748 (1958).

Michigan courts have not addressed the issue whether a notice of lis pendens is entitled to absolute immunity under this rule. Plaintiff directs the Court's attention to numerous decisions from other jurisdictions holding that a notice of lis pendens cannot form the basis of an action for slander of title. However, a review of these cases indicates that in each instance the court determined as a primary matter that the notice of lis pendens had a reasonable relation to the action filed. *E.g.*

*Sharpton v. Lofton*, 721 S.W.2d 770, 777 (Mo.App.1986) (notice of lis pendens filed in connection with action to set aside warranty deed is absolutely privileged); *Paulson v. Lee*, 229 Mont. 164, 745 P.2d 359, 361 (1987) (notice of lis pendens filed in connection with action for injunction to prevent construction on or sale of land is absolutely privileged). *See also Prappas v. Meyerland Community Improv. Ass'n*, 795 S.W.2d 794, 795 (Tex.App.1990); *Pipefitters Health & Welfare Trust v. Waldo R., Inc.*, 760 S.W.2d 196, 200 (Mo.App.1988).

█ In the present case, the notice was not related to any viable claims. Plaintiff does not seek to have the contract enforced. Rather, it forewent any interest it may have had in defendant's property and now seeks only money damages. There is no statutory authority given plaintiff to file a notice of lis pendens in an action which does not affect land. Accordingly, the Court reaffirms the magistrate judge's holding that the notice of lis pendens was improperly filed.[4]

█ The elements of a cause of action for slander or disparagement of title are falsity of statement, malice, and damages. *Michigan Nat. Bank–Oakland*, 165 Mich. App. at 744, 419 N.W.2d 746. In this case, the falsity of statement requirement is met by the fact that the notice of lis pendens was improper as a matter of law. Whether the notice was filed maliciously is a question of fact, and plaintiff has failed to meet its burden of showing the Court that the filing of the notice was not malicious.

---

**3.** Originally, Count III sought an equitable lien against all of defendant's property. However, where a written agreement controls the parties' relationship to real property, an equitable lien cannot arise, unless it is specifically provided for in the contract. *Warren Tool Co. v. Stephenson*, 11 Mich.App. 274, 161 N.W.2d 133 (1968). Count III does not state a viable claim because the parties' agreement does not indicate an intention to make the property at issue security for a debt or other obligation. Again, plaintiff withdrew Count III with prejudice on February 8, 1991.

**4.** Likewise, the Court is not convinced that a notice of lis pendens filed under the circumstances present here amounts to a communica-tion made in a judicial proceeding. The notice was collateral to the present action. It merely served to give constructive notice of the lawsuit to prospective purchasers. As such, it was similar to a lien on real property. It is well settled in Michigan that the filing of a lien is not entitled to absolute immunity from a slander of title action. *See Michigan Nat. Bank–Oakland v. Wheeling*, 165 Mich.App. 738, 745, 419 N.W.2d 746 (1988). Moreover, the Michigan legislature has evidenced an intent to make such notices actionable by specifically permitting a slander of title action arising out of the wrongful filing of notices under the Marketable Record Title Act. M.C.L.A. § 565.104.

Questions of fact also remain as to whether and to what extent defendant was injured by the notice. Defendant contends that it lost considerable amounts of money as a result of the notice of lis pendens. Plaintiff contends, on the other hand, that defendant is required to plead and prove "special" damages in order to pursue a slander of title action. However, in *Chesebro v. Powers*, 78 Mich. 472, 44 N.W. 290 (1889), the Michigan Supreme Court determined that the reasonable expenses incurred in removing a cloud from title to land were recoverable as damages in a disparagement of title action. Defendant seeks recovery of these expenses and so has sufficiently alleged "special" damages. *See also Sullivan v. Thomas Organization P.C.*, 88 Mich.App. 77, 85, 276 N.W.2d 522 (1979).

In any event, the difference between "special" damages and ordinary damages is nothing more than a question of causation. "Special" damages are those which actually, but not necessarily, result from an alleged injury. *See Lewis v. Weidenfeller*, 175 Mich. 296, 303, 141 N.W. 649 (1913). They have also been defined simply as "pecuniary" damages. *Iacco v. Bohannon*, 70 Mich.App. 463, 467, 245 N.W.2d 791 (1976). Here, the circumstance of the Fawn Lake sale made defendant vulnerable to pecuniary damages which do not necessarily flow from the filing of a notice of lis pendens. For instance, if defendant did not intend to sell its property, it would not have suffered any pecuniary loss as a result of the notice. The damages alleged in this action are "special" in that to recover defendant must prove that the filing of the notice specifically caused purchasers not to buy defendant's property. There is such an array of other possible reasons for the diminished sales that proving causation becomes a more difficult problem than in a typical tort action or in a *per se* slander action. Nonetheless, defendant's allegation that it lost sales as a result of the notice of lis pendens sufficiently alleges "special" damages.

### IV.

For the reasons stated above, plaintiff's motion for judgment on the pleadings is denied. The Court finds as a matter of law that the filing of the notice of lis pendens was improper and amounts to a "false statement" by plaintiff. As such, it is not entitled to absolute immunity in a slander of title action. Questions of fact remain as to whether the notice was filed maliciously and whether and to what extent defendant was injured by the notice of lis pendens.