RUBY & ASSOCIATES, PC v SHORE FINANCIAL SERVICES

Docket No. 266312. Submitted April 4, 2007, at Detroit. Decided April 19, 2007. Approved for publication June 26, 2007, at 9:00 a.m.

Ruby & Associates, P.C., brought an action in the Oakland Circuit Court, Michael Warren, J., against Shore Financial Services, doing business as Shore Mortgage; Mortgage Electronic Registration Systems, Inc.; and Comerica, Inc., seeking to quite title to real property previously owned by third parties, a husband and wife, against whom the plaintiff had instituted an independent action alleging fraud, embezzlement, and fraudulent transfers arising out of the plaintiff's employment relationship with the wife. The plaintiff filed a notice of lis pendens relating to the independent action, allegedly supported by its claim that the wife had fraudulently transferred embezzled funds to her husband by way of improvements to the subject real property. In the independent action, a consent judgment was entered against the defendants and they quitclaimed their interest in the property to the plaintiff in satisfaction of the judgment. During the pendency of the independent action, however, the defendants in the action to quiet title had made several loans to the husband and wife, secured by mortgages against the subject real property. Following a default on one of the mortgages, Shore Mortgage, through its nominee Mortgage Electronic Registration Systems, Inc. (MERS), foreclosed on the property and MERS purchased the property at a sheriff's sale. The plaintiff then filed the action to quiet title. The trial court granted the defendants summary disposition and quieted title in favor of the defendants on the basis that the plaintiff's judgment in the independent action was a lien interest that was merged into the quitclaim it received and, following the expiration of the statutory period of redemption, the plaintiff's interest was extinguished. The plaintiff appealed.

The Court of Appeals *held*:

1. Statutory authority to file a notice of lis pendens is lacking where the action does not affect the land at issue. A notice of lis pendens is properly filed and supported in an action where title, possession, or an interest in property is affected by the action. Actions alleging fraudulent transfers purely involving claims for

damages do not come within the purview of a lis pendens. The allegations in the independent action in which damages were sought do not affect the title, possession, or an interest in the property at issue.

2. The notice of lis pendens was improperly filed and, therefore, was invalid as a lien on the property and had no effect on the defendants' subsequently acquired interests.

3. The plaintiff acquired its interest following the defendants' acquisition of their mortgage interests. The plaintiff's rights acquired through the quitclaim were extinguished when it failed to redeem the property within the period of redemption.

Affirmed.

ACTIONS — LIS PENDENS.

A notice of lis pendens is properly filed and supported in an action where title, possession, or an interest in property may be affected in the action; a notice of lis pendens is not appropriately filed with regard to an action involving only a claim for damages.

*The Giles Law Firm* (by *Thomas V. Giles* and *Molly Giles*) (*Sullivan, Ward, Asher & Patton, P.C.*, by *Ronald S. Lederman*, of counsel) for the plaintiff.

*Lipson, Neilson, Cole, Seltzer & Garin, P.C.* (by *Thomas G. Costello* and *C. Thomas Ludden*), for Shore Financial Services and Mortgage Electronic Registration Systems, Inc.

*Carter & Gebauer* (by *B.J. Belcoure*) for Comerica, Inc.

Before: NEFF, P.J., and O'CONNELL and MURRAY, JJ.

PER CURIAM. In this action to quiet title, plaintiff appeals as of right an order distributing the proceeds from a receivership property sale to defendants. We affirm.

The real property involved in this action was previously owned by third parties, Mr. and Mrs. Dutka.

Plaintiff instituted an independent action against the Dutkas, alleging fraud, embezzlement, and fraudulent transfers arising out of its employment relationship with Mrs. Dutka. Plaintiff also filed a notice of lis pendens relating to this independent action, allegedly supported by its claim that Mrs. Dutka had fraudulently transferred certain embezzled funds to her husband by way of improvements to the couple's real property. This action resulted in a consent judgment against the Dutkas, and they quitclaimed their interest in the property to plaintiff in satisfaction of it.

During the pendency of this litigation, defendants made several loans to the Dutkas, secured by mortgages against their property. Following their default on one mortgage, defendant Shore Financial Services, doing business as Shore Mortgage (Shore), through its "nominee" defendant Mortgage Electronic Registration Systems, Inc. (MERS), foreclosed on the property. MERS purchased the property at a sheriff's sale.

Plaintiff subsequently filed this action to quiet title to the property. On various cross-motions, the court ruled that plaintiff's judgment was a lien interest that was merged into the quitclaim it received from the Dutkas, and that following the expiration of the statutory period of redemption, plaintiff's interest was extinguished. The court did not address whether plaintiff's lis pendens caused defendants' mortgages to be taken "subject to" the underlying litigation. It granted defendants summary disposition and quieted title in their favor.

We review summary disposition rulings de novo. *McClements v Ford Motor Co*, 473 Mich 373, 380; 702 NW2d 166 (2005). The effect of a lis pendens on a judgment subsequently entered is a question of law, see MCL 600.2701 and 600.2715, that we review de novo,

*Lee v Macomb Co Bd of Comm'rs,* 464 Mich 726, 734; 629 NW2d 900 (2001). Though plaintiff raises various claims of error, defendants have argued an alternative ground for affirmance that we conclude is dispositive.

A notice of lis pendens is the "notice, recorded in the chain of title to real property, . . . to warn all persons that certain property is the subject matter of litigation . . . ." Black's Law Dictionary (8th ed), p 950. It "is designed to warn persons who deal with property while it is in litigation that they are charged with notice of the rights of their vendor's antagonist . . . ." *Backowski v Solecki,* 112 Mich App 401, 412; 316 NW2d 434 (1982). The effect of the filing of a notice of lis pendens is to cause after-acquired interests in the property to be taken subject to the outcome of the litigation. MCL 565.25; *Provident Mut Life Ins Co v Vinton Co,* 282 Mich 84, 85-87; 275 NW 776 (1937); *Hedler v Manning,* 252 Mich 195, 196-197; 233 NW 223 (1930). Purchasers of such interests are "bound by the proceedings because '[o]ne may not purchase any portion of the subject matter of litigation and thereby defeat the object of suit.' " *Richards v Tibaldi,* 272 Mich App 522, 536; 726 NW2d 770 (2006), quoting *Provident, supra* at 87.

MCL 600.2701(1) provides the statutory authority for a lis pendens filing:

> To render the filing of a complaint constructive notice to a purchaser of any real estate, the plaintiff shall file for record, with the register of deeds of the county in which the lands to be *affected* by such constructive notice are situated, a notice of the pendency of such action, setting forth the title of the cause, and the general object thereof, together with a description of the lands to be *affected* thereby. [Emphasis supplied.]

The plain language of this provision indicates that, for a lis pendens to be properly filed and therefore be a valid lien on the property, the action must "affect" the land at issue. See *G C Timmis & Co v Guardian Alarm Co*, 468 Mich 416, 420; 662 NW2d 710 (2003) (plain language is enforced as written). Indeed, the statute has been construed as such. *Patten Corp v Canadian Lakes Dev Corp*, 788 F Supp 975, 978 (WD Mich, 1991) (concluding that under MCL 600.2701 the "statutory authority" is lacking to "file a notice of lis pendens" where the action "does not affect land" but is for purely "money damages").

A notice of lis pendens is properly filed and supported in an action where *title, possession, or an interest* in property is affected by the action. 51 Am Jur 2d, Lis Pendens, § 25, pp 749-750; see MCL 600.2701 and 600.2711. The operative language of Michigan's lis pendens statute has remained unchanged since its original promulgation. 1838 Rev Stat, part 3, tit 1, ch 2, § 30, p 366; 1846 Rev Stat, tit 21, ch 90, § 29, p 359; 1857 CL 3483; 1871 CL 5065. And such circumstances—in which title, possession, and interests in real property are affected by the action—have been the subject of Michigan jurisprudence involving the efficacy of various lis pendens, since the original enactment. See, e.g., *Hedler, supra* at 196 (mortgage interest supported lis pendens); *Lacny v Alexander*, 238 Mich 312; 213 NW 88 (1927) (fraudulent conduct in conveyance of title supporting lis pendens); *Hammond v Paxton*, 58 Mich 393, 398; 25 NW 321 (1885) (acquired mortgage supported lis pendens); *Heim v Ellis*, 49 Mich 241; 13 NW 582 (1882) (suit to correct deed involving disputed title supported lis pendens). Under MCL 600.2701(1) and its predecessor statutes, lis pendens has generally

applied to circumstances affecting title, possession, or an interest in real property.[1]

In actions alleging fraudulent transfers, those involving purely damages claims do not come within the traditional purview of a lis pendens, while those affecting title, possession, or an interest in real property do. 51 Am Jur 2d, Lis Pendens, §§ 34-35, pp 754-755; *Kauffman v Shefman*, 169 Mich App 829, 837; 426 NW2d 819 (1988) (emphasis added) ("Notice of lis pendens serves an important public purpose by protecting the right to litigation *involving real property* and protecting prospective purchasers by apprising them of disputes *regarding rights in the land.*"); *Hunting World, Inc v Superior Court of San Francisco*, 22 Cal App 4th 67, 69-75; 26 Cal Rptr 2d 923 (1994) (supporting a lis pendens in the context of an allegedly fraudulent conveyance of real property); *Permanent Financial Corp v Taro*, 71 Md App 489; 526 A2d 611 (1987) (supporting lis pendens only where the action "affects title" to real property); *Cadle Co v Gabel*, 69 Conn App 279, 280-293; 794 A2d 1029 (2002) (supporting a lis

---

[1] This application is supported by the explicit application of it to a defendant's counterclaim similarly involving real property:

> Where a defendant sets up in his answer a counterclaim, upon which he demands an affirmative judgment *affecting the title to, or the possession, use or enjoyment of real property*, he may file for record a like notice at the time of filing his answer or at any time afterwards before final judgment. For these purposes, the defendant filing such a notice is regarded as a plaintiff and the plaintiff is regarded as a defendant. [MCL 600.2711 (emphasis supplied).]

This language indicates that a lis pendens is supported in an original action only where "an affirmative judgment affecting the title to, or the possession, use or enjoyment of real property" is sought, because presumably, in so "regarding" a defendant as a plaintiff, the standard applicable to a plaintiff who has filed a lis pendens in an original action is the same standard applied against a counterclaiming defendant.

pendens where allegedly fraudulent conveyances of real property could justify the imposition of a constructive trust); *Ross v Specialty Risk Consultants, Inc*, 240 Wis 2d 23, 27-39; 621 NW2d 669 (Wis App, 2000) (concluding that a fraud action seeking the imposition of a constructive trust to acquire title to real property supported a lis pendens because it affected an "interest" in land). "The critical prerequisite for making specific property subject to the lis pendens rule is that the pending litigation directly involves the property. The judgment sought must affect the title to the property or the right to possess, use or enjoy it." 14 Powell on Real Property, § 82A.02[2], p 82A-9.

In the underlying litigation, plaintiff sought damages of approximately $1 million, arising out of Mrs. Dutka's alleged embezzlement. Plaintiff claimed that Mrs. Dutka "made to her husband" certain transfers of embezzled funds by "paying for a substantial addition to the home" the couple owned, "paying for the construction of an in-ground swimming pool on the property" and paying for "other substantial improvements to the landscaping and residence."

These allegations simply do not "affect" the title, possession, or an interest in the real property at issue in a manner contemplated by MCL 600.2701. The underlying litigation did not involve any conveyance of the property, a mortgage of it, its transfer, or any interest in it. *Hedler, supra* at 196-197; *Lacny, supra; Hammond, supra* at 398; *Heim, supra*; see Black's Law Dictionary (8th ed), p 828 (defining "interest" in pertinent part as "[a] legal share in something; all or part of a legal or equitable claim to or right in property"). The claimed "transfer" was of embezzled funds, not the property itself. Cf. *Hunting World, supra* at 69-75; *Cadle Co, supra* at 280-293; *Ross, supra* at 27-39. Plaintiff effec-

tively sought to secure itself as a prejudgment creditor, an action not contemplated under the statute. See MCL 600.2701 and 600.2711. This was not an appropriate use of the lis pendens mechanism. See *BGJ Assoc, LLC v Superior Court of Los Angeles*, 75 Cal App 4th 952, 966-967; 89 Cal Rptr 2d 693 (1999). It was not a statutorily authorized filing.

Because the notice of lis pendens was improperly filed under MCL 600.2701 it was invalid as a lien on the property and had no effect on subsequently acquired interests. Cf. *Richards, supra* at 536 (a properly filed notice of lis pendens binds subsequent purchasers). While ordinarily a lis pendens has the effect of causing subsequently acquired interests to take "subject to" the outcome of the litigation, *Provident, supra* at 85-87; *Hedler, supra* at 196-197, because the instant lis pendens was invalid, plaintiff is deemed to have acquired its interest following defendants' acquisition of their mortgage interests.

Mortgages containing a power-of-sale clause may be foreclosed upon and sold at a sheriff's sale, in the event of a default under the mortgage. See MCL 600.3201 to 600.3224. Upon such a sale, the purchaser, including potentially the mortgagee, acquires a sheriff's deed. See MCL 600.3228 and 600.3232. Mortgagors enjoy a statutory right of redemption in the event a mortgage is foreclosed upon and property is sold. See MCL 600.3240. The legal operation and effect of the sheriff's deed ultimately depends on the mortgagor's exercise of this right of redemption. "A purchaser's deed is void if the mortgagor . . . redeems" the premises by tendering amounts owing within the applicable statutory window. MCL 600.3240(1). If not redeemed within this time frame, the deed becomes "operative," vesting in the grantee "all the right, title, and interest which the

mortgagor had at the time of the execution of the mortgage . . . ." MCL 600.3236. The redemption period for the property in this dispute was six months. MCL 600.3240(8). In computing the redemption period, "the day from which the period begins to run is excluded and the day of performance included." *Perkins v Century Ins Co, Ltd*, 303 Mich 679, 682; 7 NW2d 106 (1942); see also MCR 1.108(1).

The Dutkas possessed full title to the property at issue, before the circumstances of this dispute. On February 18, 2002, Shore made a loan to the couple, secured by a mortgage on the property. On behalf of Shore, MERS foreclosed on the property and purchased it at a sheriff's sale on March 18, 2003.

Under MCL 600.3240(8), the Dutkas enjoyed a six-month statutory right of redemption commencing March 18, 2003. Foreclosure causes equitable title to vest in the purchaser, while legal title remains in the mortgagor until the redemption period expires. See *Bankers Trust Co of Detroit v Rose*, 322 Mich 256, 260; 33 NW2d 783 (1948); *Dunitz v Woodford Apartments Co*, 236 Mich 45, 49-50; 209 NW 809 (1926); *Pike v Halpin*, 188 Mich 447, 450-451; 154 NW 148 (1915). During the redemption period, mortgagors retain possession and the benefits of ownership of the property, in addition to the statutory right of redemption. *Kubczak v Chem Bank & Trust Co*, 456 Mich 653, 661; 575 NW2d 745 (1998). A right of redemption is a property interest that may be conveyed. See MCL 600.3240(1); *Cobleigh v State Land Office Bd*, 305 Mich 434; 9 NW2d 665 (1943).

Following settlement in the underlying litigation, the Dutkas quitclaimed these interests to plaintiff on September 18, 2003. *Quinlan Investment Co v Meehan Cos, Inc*, 171 Mich App 635, 642; 430 NW2d 805 (1988) (a

quitclaim conveys any interest held by the grantor "and no more"). The period of redemption expired the following day. MCL 600.3240(8); *Perkins, supra* at 681-682; MCR 1.108(1) and (3). Plaintiff's rights acquired through the quitclaim were thus extinguished, because it failed to redeem the property. MCL 600.3236 and 600.3240(1).

Because our resolution results in affirming the circuit court regardless of its reasoning, it is unnecessary to address plaintiff's various claims of error. *Middlebrooks v Wayne Co*, 446 Mich 151, 166 n 41; 521 NW2d 774 (1994); *Wickings v Arctic Enterprises, Inc*, 244 Mich App 125, 150; 624 NW2d 197 (2000).

Affirmed.