# STATE OF MICHIGAN

# COURT OF APPEALS

---

LN REAL ESTATE, LLC,

        Plaintiff/Counter-Defendant-
        Appellee,

v

KINGDOM LIVING CHURCH,

        Defendant/Counter-Plaintiff-
        Appellant.

UNPUBLISHED
November 28, 2017

No. 333208
Genesee Circuit Court
LC No. 16-105381-CK

---

Before: MURRAY, P.J., and FORT HOOD and GLEICHER, JJ.

MURRAY, P. J., (*concurring*).

I concur in the analysis and conclusions reached by the majority opinion. However, I write separately to briefly set forth two points related to two of the claims at issue on appeal.

First, with respect to the trial court's ruling granting summary disposition in favor of LN Real Estate on its slander of title claim, I would agree with its argument that summary disposition was proper but for the fact that the only published Michigan decision that supports its argument was vacated. Specifically, in *Ruby & Assoc, PC v Shore Fin Servs*, 276 Mich App 110, 115-116; 741 NW2d 72 (2007), this Court concluded that a lis pendens was invalid because the underlying lawsuit which resulted in the filing of the lis pendens only sought money damages and, therefore, did not affect the title, possession, or interest in the real property as contemplated by MCL 600.2701. Indeed, the *Ruby & Assoc, PC* Court cited the only other published decision addressing this issue, *Patten Corp v Canadian Lakes Dev Corp*, 788 F Supp 975, 978 (WD Mich, 1991), that came to the same conclusion. However, the Supreme Court vacated that part of this Court's decision. See *Ruby & Assoc, PC v Shore Fin Servs*, 480 Mich 1107 (2008) ("[W]e VACATE in part the judgment of the Court of Appeals insofar as that court concluded that plaintiff's lis pendens was invalid[.]"). In light of this, and the other law set forth in the majority opinion, I concur in its resolution of the slander of title claim.

Second, with respect to Kingdom Living Church's Elliot-Larsen Civil Rights Act claim, I concur in the decision to remand to the trial court for it to reconsider LN Real Estate's motion for summary disposition under the framework set forth in the majority opinion. This is a reasonable and typical procedure utilized by this Court. That being said, it is nonetheless quite clear that the church adduced no evidence suggesting that LN Real Estate acted based upon the church's

-1-

religious affiliation in making any decision. Indeed, the *only* decision-maker involved in the decisions at issue unequivocally testified that he did not know the religious affiliation of the church, never met the pastor nor anybody else at the church, and was unaware of any animosity between the church's pastor and the LN representative. Nor has the church brought forward any evidence—circumstantial or otherwise—that would lead a reasonable juror to conclude that religious animus motivated LN Real Estate to act as it did in not offering a right of first refusal. Thus, although I concur in the remedy to remand, I simply point out to the trial court what it had previously concluded; there is no evidence supporting Kingdom Living Church's Elliott-Larsen Civil Rights claim.

/s/ Christopher M. Murray