## STROEBEL-POLASKY COMPANY v SLACHTA

Docket No. 51632. Submitted February 9, 1981, at Lansing.—Decided
May 20, 1981. Leave to appeal applied for.

The Stroebel-Polasky Company brought an action against Gene B.
Slachta and Marianne L. Slachta, seeking injunctive relief from
defendants' attempt to foreclose a mortgage on certain real
property which was the principal asset of a partnership at the
time the mortgage was given to secure the personal debt of one
of the partners. The partnership interests in the property had
been conveyed to plaintiff. Saginaw Circuit Court, Gary R.
McDonald, J., denied injunctive relief. Plaintiff appeals, alleg-
ing that the mortgage was null and void as an assignment of
partnership property. *Held:*

The lower court properly denied injunctive relief. The part-
ner who gave the mortgage conveyed not his undivided interest
in the real estate, but his interest in the partnership property
subject to the settlement of partnership accounts. As such, the
mortgage constituted a security interest in that portion of the
property which represented the mortgagor's interest as a part-
ner and did not bind the entire partnership. Plaintiff, by
acquiring the interests of the partnership, stands in the same
position as would the partners had they retained the property.
Defendants' security interest is no better than that of the
mortgagor-partner and is inferior to partnership creditors, but
this should not prevent defendants' foreclosure of the mortgage.
Affirmed.

1. PARTNERSHIP — PARTNERSHIP PROPERTY — ASSIGNMENT OF RIGHTS
IN PARTNERSHIP PROPERTY — STATUTES.

A partner is a co-owner of specific partnership property, holding

REFERENCES FOR POINTS IN HEADNOTES

[1] 60 Am Jur 2d, Partnership §§ 100-103.
Construction, application, and effect of Uniform Partnership Act,
§ 25(2)(b), relating to non-assignability of partner's right in spe-
cific partnership property. 39 ALR2d 365.
[2] 60 Am Jur 2d, Partnership § 95.
[3, 5, 6] 60 Am Jur 2d, Partnership § 152.
[4] 60 Am Jur 2d, Partnership § 100.

as a tenant in partnership, and his right in the property is not assignable except where the rights of all partners in the same property are assigned (MCL 449.25; MSA 20.25).

2. PARTNERSHIP — PARTNERSHIP PROPERTY — STATUTES.

A partner may use partnership property for a nonpartnership purpose with the consent of his partners (MCL 449.25[2][a]; MSA 20.25[2][a]).

3. PARTNERSHIP — PARTNERSHIP PROPERTY — MORTGAGES — ASSIGN-MENT OF RIGHTS IN PARTNERSHIP PROPERTY — STATUTES.

A mortgage of property constitutes an assignment for the purpose of applying the provision of the Uniform Partnership Act limiting assignment of partnership property (MCL 449.25[2][b]; MSA 20.25[2][b]).

4. PARTNERSHIP — INTERESTS OF PARTNERS — STATUTES.

A partner's interest in a partnership is his share of the profits and surplus of the partnership (MCL 449.26; MSA 20.26).

5. PARTNERSHIP — PARTNERSHIP PROPERTY — MORTGAGES — INTER-ESTS OF PARTNERS — STATUTES.

A partner may convey partnership real estate to a person who knows it is such by means of a mortgage to the extent that the mortgage represents his interest in the portion mortgaged after payment of partnership debts upon a settlement of partnership accounts (MCL 449.27; MSA 20.27).

6. PARTNERSHIP — PARTNERSHIP PROPERTY — MORTGAGES — SECURITY INTERESTS — INTERESTS OF CREDITORS — STATUTES.

A mortgagee of the interests of a partner in partnership property has a security interest in the property to the extent that the property represents the interest, but his interest is subordinate to the interests of creditors of the partnership regardless of whether those interests arise before or after the recording of the mortgage (MCL 449.15, 449.40; MSA 20.15, 20.40).

*Albert C. Reinert,* for plaintiff.

*Walter Martin, Jr.,* for defendants.

Before: CYNAR, P.J., and J. H. GILLIS and ALLEN, JJ.

J. H. GILLIS, J. Plaintiff appeals as of right from

the lower court's denial of injunctive relief to prevent the defendants from proceeding with a mortgage foreclosure.

The property in question was originally the principal asset of T & T Land Development, a partnership formed on May 3, 1974, by Duane L. Tinkis and Howard L. Tessman. On April 18, 1975, Tinkis sold his interest in the partnership to defendant Gene B. Slachta. The sale was approved by Tessman, who executed a new partnership agreement with Slachta.

On July 10, 1975, T & T Land Development gave a first mortgage on the property to the Second National Bank of Saginaw to secure repayment of $99,700. Eventually, that mortgage was found to be in default, and the property was purchased by the bank at a December 20, 1978, mortgage sale. On July 20, 1978, the partnership interests in the property were conveyed to Robert J. Stroebel and Frank Polasky, the principals of the plaintiff company. Stroebel and Polasky redeemed the property from the sheriff's deed by payment of $105,796.30.

On October 1, 1976, Slachta sold his interest in T & T Land Development to Victor Dominguez for $52,000. Dominguez paid for the purchase in part with a promissory note for $37,500. The note was secured by a purchase money security agreement and financing statement and a second mortgage on the property. Slachta and Tessman terminated their partnership agreement, and Tessman entered into a like agreement with Dominguez. Tessman was present when Slachta and Dominguez executed the mortgage but voiced no objections.

The defendants commenced foreclosure proceedings on August 9, 1979. At that time, $29,609.44 was due and owing on the mortgage. Shortly afterward, plaintiff filed the present suit, alleging that

the mortgage from Dominguez was null and void as an assignment of partnership property. The lower court denied injunctive relief on the grounds that plaintiff stood in the shoes of Tessman, who had evidently approved of the mortgage.

This case requires us to determine the effect of a mortgage of partnership property given to secure the personal debt of one of the partners.[1] Plaintiff argues that the mortgage was a nullity, citing § 25(2)(b) of the Uniform Partnership Act, MCL 449.25(2)(b); MSA 20.25(2)(b).[2] Defendants insist that the mortgage be given full effect, pointing to copartner Tessman's implicit consent to the transaction.

Pursuant to the Uniform Partnership Act, a partner is co-owner of partnership property as a tenant in partnership. MCL 449.25; MSA 20.25. Defendants contend that the mortgage was not an "assignment" by Dominguez, prohibited by MCL 449.25(2)(b); MSA 20.25(2)(b), but rather the use of the property for a nonpartnership purpose, permissible with the consent of the other partner. MCL 449.25(2)(a); MSA 20.25(2)(a). Defendants point out that while an assignment constitutes an absolute transfer of property, a mortgage is merely a conditional transfer through which the mortgagor retains an equity of redemption.

While a mortgage is obviously a limited transfer

---

[1] There was no evidence submitted that Dominguez was acting as an agent of the partnership in executing the mortgage. MCL 449.9-449.10; MSA 20.9-20.10.

[2] MCL 449.25; MSA 20.25 provides in part:

"(1) A partner is a co-owner with his partners of specific partnership property holding as a tenant in partnership:

"(2) The incidents of this tenancy are such that:

\*   \*   \*

"(b) A partner's right in specific partnership property is not assignable except in connection with the assignment of the rights of all the partners in the same property."

of property, we believe such transfers are included within the term "assignment" as used in the partnership act. An assignment is generally defined as a "transfer or setting over of property, *or of some right or interest therein,* from one person to another, and unless in some way qualified, it is properly the transfer of one's whole interest in an estate, or chattel, or other thing". *Allardyce v Dart,* 291 Mich 642, 644-645; 289 NW 281 (1939). (Emphasis supplied.) A mortgage of partnership property can have the same detrimental effect on partnership operations and interests as an unconditional transfer.

It is apparent that MCL 449.25(2)(b); MSA 20.25(2)(b) prohibits the transaction to the extent that it is an assignment of Dominguez' rights in the specific property. Nonetheless, it does not follow that the attempt should be considered void and without effect. Instead, we view the mortgage as effecting a transfer of that interest in the property that Dominguez could have transferred. *In the Matter of Decker,* 295 F Supp 501, 511 (WD Va, 1969), *Shapiro v United States,* 83 F Supp 375, 377 (D Minn, 1949). A partner is free to convey his interest in the partnership itself, defined as his share of the profits and surplus. MCL 449.26-449.27; MSA 20.26-20.27. Therefore, defendants have a security interest in the mortgaged property to the extent that it represents that interest. As stated in 9 Thompson on Real Property (1958), § 4685, p 140:

"A mortgage made by a partner of his interest in partnership real estate, to one who knows it to be such, is not a mortgage of the partner's undivided interest in such real estate but of his interest in the portion mortgaged after the payment of the firm debts upon a settlement of the partnership accounts. The mortgage is

not available until the partnership debts have been paid and the partnership accounts have been discharged, if the other partner chooses to assert his equity, or if subsequent partnership mortgagees assert their priority, or if creditors of the partnership attach the property or levy an execution upon it as belonging to the partnership." (Footnotes omitted.)

Here, the portion of property effectively mortgaged is one-half of its value after the settlement of partnership accounts. We do not construe co-partner Tessman's consent as an agreement that the entire partnership interest in the property be mortgaged, but rather that the debt be secured by Dominguez' interest. This is consistent with the context of the transaction as part of Dominguez' acquisition of Gene Slachta's half of the partnership. Further, had defendants desired to bind the entire partnership, the mortgage could have been executed in such a fashion.

This interpretation of the transaction is consistent with the purposes behind the prohibition of MCL 449.25(2)(b); MSA 20.25(2)(b). The section is designed to prevent outside interference in partnership affairs, to protect the interests of other partners and creditors to have firm assets applied to firm debts, and to avoid the problems inherent in assigning a value to a partner's beneficial interest in the property in question. *In the Matter of Decker, supra,* 512, *Goldberg v Goldberg,* 375 Pa 78; 99 A2d 474 (1953). Here, it cannot be said that the partnership has been unduly interfered with since the initial purpose of the security agreement was to permit the continuation of the partnership following Gene Slachta's withdrawal. Further, the construction adequately protects potential creditors by making the mortgage subject to a settlement of partnership accounts. Finally, while valu-

ation of the interests involved may present some difficulty and may require dissolution, that alone should not deprive defendants of their security interests.

Plaintiff, by the nature of its acquisition of the property in question, stands in the same position as Dominguez and Tessman would had they retained the premises. Therefore, their ownership is subject to the defendants' interest in one-half of the value of the property after the settlement of partnership accounts.

Defendants' security interest, however, is subordinate to the interests of all other creditors of the partnership, regardless of whether those interests arose before or after the recording of the purported mortgage. Defendants do not have the status of a typical mortgagee. As noted above, Dominguez did not have the power to assign his interest in the property. Instead, he transferred his interest in the partnership as represented by the property. Defendants' security interest in the property is no better than Dominguez' interest in the partnership itself, which in turn is inferior to that of partnership creditors. See MCL 449.15; MSA 20.15, MCL 449.40; MSA 20.40.[3] Nonetheless, the countervailing interests of creditors should not prevent defendants from proceeding with foreclosure. The lower court properly denied injunctive relief.

Affirmed.

---

[3] Arguably, subsequent creditors should have been on notice of the recorded mortgage. However, the records of the mortgage would only reveal that it was granted by Dominguez and not by the partnership. A potential creditor might well have considered the mortgage invalid under MCL 449.25; MSA 20.25.