BACKOWSKI v SOLECKI

Docket No. 45250. Submitted June 11, 1981, at Detroit.—Decided
January 19, 1982.

Stephen Backowski and Henry J. Solecki, Jr., were partners in
H. S. & L. Investment Co., a Michigan partnership. Backowski
owned a 40% interest in the company and Solecki owned a
60% interest, 40% of which had been transferred to him by his
mother, Lottie Solecki. The partnership was in the business of
owning and leasing warehouse space. The property in dispute
was bought in the partnership name on a land contract. Back-
owski filed a complaint in Wayne Circuit Court in 1974, alleg-
ing that Solecki had deprived him of partnership revenue and
had refused to render an accounting. Plaintiff sought to enjoin
Solecki from distributing partnership assets and sought an
order for an accounting. In 1975, the land contract vendor
served notice of forfeiture on the partnership. Solecki thereaf-
ter executed a quitclaim deed and an assignment of the land
contract purportedly on the partnership's behalf conveying the
partnership's interest in the property to Billmax Properties.
Solecki also signed an affidavit warranting his authority to act
on behalf of the partnership. By the terms of the purchase
agreement, Billmax paid the delinquent land contract pay-
ments and back taxes and gave Solecki a check for $10,000 in
the name of H. S. & L. Investment Co. Plaintiff moved to add
parties defendant, alleging that the assignment of the land
contract and the quitclaim deed were executed without his

REFERENCES FOR POINTS IN HEADNOTES

[1] 76 Am Jur 2d, Trial §§ 1250, 1256.
[2] 60 Am Jur 2d, Partnership § 100.
[3, 5] 60 Am Jur 2d, Partnership §§ 102, 103.
    Construction, application, and effect of Uniform Partnership Act
    § 25[2][b], relating to nonassignability of partner's right in specific
    partnership property. 39 ALR2d 1365.
[4, 5] 60 Am Jur 2d, Partnership § 104.
[6] 46 Am Jur 2d, Judges § 166.
[7] 51 Am Jur 2d, Lis Pendens § 1.
[8] 51 Am Jur 2d, Lis Pendens § 24.
[9] 81 Am Jur 2d, Witnesses §§ 551, 559.

consent. The complaint against the added defendants sought damages and to have the sale set aside. Of the parties added, only Billmax remained in the suit at the time of trial. Prior to the commencement of trial, defendants Stephen and Lottie Solecki were dismissed from the suit individually and on behalf of the partnership. The dismissal was pursuant to a settlement agreement by which plaintiff agreed to the dismissal in consideration of the Soleckis' transfer to plaintiff of any interest they may have had in the partnership. Plaintiff then proceeded against defendant, Billmax, individually and on behalf of the partnership. Following a bench trial, the court, Ricardo J. Lubienski, J., held that title to the property should remain in Billmax and awarded damages to plaintiff in the amount of $14,000. Plaintiff appeals. Defendant cross-appeals. *Held:*

1. The conclusory statements contained in the written opinion filed in this case do not reveal the course taken by the trial judge in arriving at his decision. The matter must be remanded to the trial court so that specific findings of fact and conclusions of law may be made.

2. Plaintiff's argument that Billmax, by its transaction with Solecki, succeeded to Solecki's interest and that the proper owner of the property in dispute is now a Backowski-Billmax partnership and that he is therefore entitled to an accounting is rejected because it was not pleaded in the trial court and the case was not tried as a suit for an accounting. The argument is also rejected because the Uniform Partnership Act precludes a partner from assigning any interest in partnership property other than his own right to a share of the profits and surplus of the partnership.

3. The trial court did not err by denying defendant's motion to disqualify the judge based on a reference to the title insurer made by the judge during an in-chambers conference. The remark was made by way of probing the possibilities of settlement in the case. There is no prejudice or bias evident in the remark.

4. Defendant's claim that plaintiff's suit is barred by laches because plaintiff failed to file a notice of lis pendens on the property is wholly unfounded. The failure to file a notice of lis pendens does not operate to preclude a suit over title to property.

5. The trial court erred in striking, as hearsay, testimony by Solecki which was elicited in an attempt to impeach Solecki's credibility by demonstrating his pecuniary interest in the outcome of the case. The testimony was not elicited for the purpose of proving the truth of the matter asserted. The

interest or bias of a witness goes directly to the question of his credibility and is never regarded as irrelevant. The testimony was properly in the case, should not have been stricken and should have been considered by the trial court in assessing Solecki's credibility.

6. The matter is remanded to the trial court for specific findings of fact on the issues raised.

Remanded.

1. JUDGES — FINDINGS OF FACT — COURT RULES.

The rule requiring a trial court sitting as the trier of fact to make findings of fact and conclusions of law contemplates that level of specificity that will disclose to the reviewing court the controlling choices made as between competing factual assertions (GCR 1963, 517.1).

2. PARTNERSHIP — PROPERTY RIGHTS OF PARTNERS — UNIFORM PARTNERSHIP ACT.

Each partner of a partnership holds three property rights under the Uniform Partnership Act: (1) his rights in specific partnership property, (2) his interest in the partnership and (3) his right to participate in the management of the partnership (MCL 449.24; MSA 20.24).

3. PARTNERSHIP — PARTNERSHIP PROPERTY — ASSIGNMENT OF PARTNER'S INTEREST.

A partner's rights in specific partnership property is not assignable (MCL 449.25[2][b]; MSA 20.25[2][b]).

4. PARTNERSHIP — PARTNERSHIP PROPERTY — ASSIGNMENT OF PARTNER'S INTEREST.

A partner's interest in the partnership, defined as his share of the profits and surplus, is assignable; such an assignment merely entitles the assignee to receive the profits to which the assignor would otherwise be entitled (MCL 449.26, 449.27; MSA 20.26, 20.27).

5. PARTNERSHIP — PARTNERSHIP PROPERTY — TRANSFER OF LIMITED INTEREST.

The transfer of a limited interest in partnership property by one partner may, under certain circumstances, be viewed as a transfer of that partner's interest in the partnership itself, defined as his share in the profits and surplus.

6. JUDGES — DISQUALIFICATION OF JUDGES.

A trial judge will not be disqualified absent a showing of actual prejudice or bias.

7. LIS PENDENS — NOTICE.
   Lis pendens is designed, generally speaking, to warn persons who deal with property while it is in litigation that they are charged with notice of the rights of their vendor's antagonist and take subject to the judgment rendered in the litigation.

8. LIS PENDENS — NOTICE.
   The failure to file a notice of *lis pendens* does not operate to preclude a suit over title to property.

9. WITNESSES — TESTIMONY — IMPEACHMENT.
   It was error for a trial court to strike, as hearsay, testimony of a witness where the testimony was elicited in an attempt to impeach the witness by demonstrating his pecuniary interest in the outcome of the trial and was not elicited for the purpose of proving the truth of the matter asserted; the interest or bias of a witness goes directly to the question of his credibility and is never regarded as irrelevant.

*Ellsworth Hanlon* and *Joseph Lloyd* (of counsel), for Stephen Backowski.

*Meyer W. Leib* and *Gregory Gelfand* (of counsel), for Billmax Properties.

Before: D. C. RILEY, P.J., and BASHARA and CYNAR, JJ.

CYNAR, J. Plaintiff appeals as of right from an amended order of judgment, entered December 11, 1979, after a nonjury trial, which placed title to certain warehouse property in Billmax Properties, hereinafter designated defendant, and awarded plaintiff damages in the amount of $14,000. Defendant has filed a cross appeal. We remand to the trial court for further findings of fact.

H. S. & L. Investment Co., hereinafter H. S. & L., is a Michigan partnership. The original partners were Henry Solecki, owning 20 percent, Lottie Solecki, Henry's mother, owning 40 percent, and plaintiff, Stephen Backowski, owning 40 percent. Lottie Solecki's interest in the partnership was

subsequently transferred to Henry in 1974, leaving Henry with a 60 percent interest in the partnership. The business of H. S. & L. was stated in the complaint to be the ownership and leasing of warehouse space. The property which is the subject matter of the dispute was bought in the partnership name by a land contract from 11305 State Fair Properties.

In December of 1974, plaintiff filed a complaint alleging that Henry Solecki had deprived plaintiff of partnership revenue and had refused to render an accounting. Plaintiff sought to enjoin Solecki from distributing partnership assets and sought an order for an accounting.

In April of 1975, most, if not all, of the tenants had vacated the warehouse. The building was in a state of disrepair. By December of 1975 the partnership was five payments behind on the land contract, at $3,500 per payment, and was $25,000 behind in taxes on the property. The land contract vendor had served notice of forfeiture.

On December 31, 1975, with the case between Solecki and plaintiff still pending, Solecki executed a quitclaim deed and an assignment of the land contract purportedly on behalf of H. S. & L. conveying H. S. & L.'s interest in the property to defendant. At this time Solecki also signed an affidavit warranting his authority to act on behalf of H. S. & L. in this matter. By the terms of the purchase agreement defendant paid the delinquent land contract payments and the back taxes. In addition, Solecki received a check in the name of H. S. & L. for $10,000.

Plaintiff filed a motion to add parties defendant on March 23, 1976, alleging that the assignment of the land contract and the quitclaim deed were executed without his consent. The complaint

against the added defendants sought damages and to set aside the sale. Of those parties that were added, only defendant Billmax remains in the suit.[1]

Prior to commencement of trial on January 11, 1979, Henry Solecki and Lottie Solecki were dismissed from the suit, individually and on behalf of H. S. & L. The order was entered, over objections by Billmax, pursuant to a settlement agreement by which plaintiff agreed to the dismissal in consideration of the Soleckis' transfer to plaintiff of any interest they may have in the partnership of H. S. & L. The record indicates that plaintiff then proceeded individually and on behalf of H. S. & L.

After a long trial with much conflicting testimony the trial judge issued a written opinion in which he held that title to the property should remain in defendant, Billmax, and awarded damages to plaintiff in the amount of $14,000.

## I

Resolution of the dispute herein requires application of the Uniform Partnership Act, MCL 449.1 *et seq.;* MSA 20.1 *et seq.* Section 10 of the act would seem to govern the case at bar. It states in part:

"(1) Where title to real property is in the partnership name, any partner may convey a title to such property

[1] An order was entered on April 2, 1976, adding as defendants, 11305 State Fair Properties, Frank's Nursery Sales, Inc., Frank's Nursery Distributors, Inc., and Billmax Properties. On May 14, 1976, an order was entered granting summary judgment in favor of Frank's Nursery Sales, Inc., and Frank's Nursery Distributors, Inc., and denying summary judgment to Billmax. Apparently, State Fair never separately answered and no further action regarding them was taken. Lawyers Title Insurance Company was also added as a defendant on January 19, 1979, but the court later granted a motion to vacate the joinder order.

by a conveyance executed in the partnership name;
* * *." MCL 449.10; MSA 20.10.

It is undisputed that the title to the property involved herein was in the partnership name and that Solecki, a partner, conveyed title to such property by a conveyance executed in the partnership name. Section 10 states that these circumstances constitute a proper transfer of title. Nonetheless, § 10 further indicates that the partnership may, at its option, recover the property unless (a) the partner's act binds the partnership under § 9(1) or (b) the property has been conveyed to a bona fide purchaser.

"* * * but the partnership may recover such property unless the partner's act binds the partnership under the provisions of paragraph one [1] of section nine [9], or unless such property has been conveyed by the grantee or a person claiming through such grantee to a holder for value without knowledge that the partner, in making the conveyance, has exceeded his authority; * * *." (Footnote omitted.) MCL 449.10(1); MSA 20.10(1).

The second alternative has no application to the case at bar since Billmax, the grantee, has not conveyed the property.

Therefore, we turn to the question of whether Solecki's act bound the partnership under § 9(1). That section provides as follows:

"SEC. 9. (PARTNER AGENT OF PARTNERSHIP AS TO PARTNERSHIP BUSINESS).

"(1) Every partner is an agent of the partnership for the purpose of its business, and the act of every partner, including the execution in the partnership name of any instrument, for apparently carrying on in the usual way the business of the partnership of which he is a

member binds the partnership, unless the partner so acting has in fact no authority to act for the partnership in the particular matter, and the person with whom he is dealing has knowledge of the fact that he has no such authority; * * *." MCL 449.9; MSA 20.9.

Under this section, Solecki's act of conveying title to the warehouse property binds the partnership if this act was for "apparently carrying on in the usual way the business of the partnership". If the conveyance was made in the usual course of business it must then be determined whether, (a) Solecki had "in fact no authority to act for the partnership in the particular matter", and (b) Billmax had "knowledge of the fact that [Solecki] ha[d] no such authority".

On the other hand, if it is found that the conveyance was not for "apparently carrying on in the usual way the business of the partnership", then under § 10 the partnership may recover the property as prayed for.

Even if this factual determination is made there is an additional question of fact necessary to the resolution of this dispute. Section 9(2) provides as follows:

"(2) An act of a partner which is not apparently for the carrying on of the business of the partnership in the usual way does not bind the partnership unless authorized by the other partners; * * *." MCL 449.9; MSA 20.9.

There was testimony tending to show that Solecki was in fact authorized by plaintiff to sell the property. See *Macy v Oswald*, 198 Pa Super 435; 182 A2d 94 (1962). Should this be the case, the partnership is bound by the sale of the property even if the sale was not apparently for the carry-

ing on of the business of the patnership in the usual way.

Each one of these avenues to resolution of the dispute turns initially on a factual determination. The case was tried below before the judge. GCR 1963, 517.1 requires the trial court to "find the facts specially and state separately its conclusions of law". "The rule contemplates that level of specificity that will disclose to the reviewing court the controlling choices made as between competing factual assertions." *Holbern v Holbern,* 91 Mich App 566, 569; 283 NW2d 800 (1979).

The conclusory statements contained in the written opinion filed in this case do not reveal the course taken by the trial judge in arriving at his decision. We are particularly concerned with how the trial judge came to conclude that title to the property should remain in Billmax when it was apparently found that the sale of the property by Solecki to Billmax was "without legal efficacy". Despite the fact that our *de novo* review of this case encompasses the power to make findings based upon the record, we decline to do so where the credibility of the witnesses is critical to the outcome. *Dehring v Northern Michigan Exploration Co, Inc,* 104 Mich App 300, 318; 304 NW2d 560 (1981). Credibility of the witnesses appears to be the determining factor in this case. Solecki at times made statements which would provide direct support for defendant's position on Solecki's authority. At other times he made statements contradicting this testimony. The credibility of other witnesses, including plaintiff and Mr. Sherr, is also an important consideration in the resolution of this case. Therefore we must remand to the trial judge so that he may make specific findings of fact and conclusions of law.

## II

In the pleadings below and at trial plaintiff sought to have the sale of the warehouse property set aside and the property returned to the partnership. Plaintiff now claims on appeal that his suit does not seek to have the warehouse returned to the partnership. Plaintiff argues that Billmax, by its transaction with Solecki, succeeded to Solecki's interest and that the proper owner of the building is now a Backowski-Billmax partnership. Plaintiff employs this argument as a basis for claiming a right to an accounting under § 22 of the Uniform Partnership Act, hereinafter UPA, MCL 449.22; MSA 20.22. We reject the argument initially because it was not pled and the case was not tried as a suit for an accounting. Secondly, we reject the argument because the UPA precludes it.

Under the UPA each partner holds three property rights:

"SEC. 24. (EXTENT OF PROPERTY RIGHTS OF A PART-NER). The property rights of a partner are (1) his rights in specific partnership property, (2) his interest in the partnership, and (3) his right to participate in the management." MCL 449.24; MSA 20.24.

Section 25, which addresses the incidents of a partner's rights in specific property, provides that a partner's right in specific partnership property is not assignable. MCL 449.25(2)(b); MSA 20.25(2)(b). Thus, to the extent that plaintiff seeks to enforce the conveyance as an assignment of Solecki's right in the property, such assignment is prohibited.

Furthermore, the conveyance cannot be construed as an assignment of Solecki's second property right, his interest in the partnership. Section

26 of the UPA defines this property right as follows:

"SEC. 26. (NATURE OF PARTNER'S INTEREST IN THE PARTNERSHIP).
"A partner's interest in the partnership is his share of the profits and surplus, and the same is personal property." MCL 449.26; MSA 20.26.

Unlike a partner's right in specific property, a partner's interest in the partnership is assignable. However, such assignment merely entitles the assignee to receive, in accordance with his contract, the profits to which the assigning partner would otherwise be entitled. MCL 449.27; MSA 20.27.

The transfer of a limited interest in partnership property by one partner may, under certain circumstances, be viewed as a transfer of that partner's interest in the partnership itself, defined as his share in the profits and surplus. See *Stroebel-Polasky Co v Slachta,* 106 Mich App 538; 308 NW2d 273 (1981). However, that avenue is not available here where the instrument was not intended to convey only a limited interest in the partnership. Accordingly, Solecki's conveyance of title to the warehouse property cannot operate as a conveyance of Solecki's interest in the partnership.

## III

We next address the allegations of error brought before this Court by defendant on cross appeal. Defendant first claims that the trial judge erred in denying its motion to disqualify based on a reference to the title insurer made by the trial judge during an in-chambers conference.

A trial judge will not be disqualified absent a showing of actual prejudice or bias. *Emerson v Arnold (After Remand),* 92 Mich App 345, 353; 285 NW2d 45 (1979), *Irish v Irish,* 59 Mich App 635, 639; 229 NW2d 874 (1975). Defendant claims the trial judge's remark evinced a desire to see the case come out in such a way as to take advantage of the "deep pocket" of insurance. A review of the record indicates that defendant has taken the remark out of context. The trial judge was apprised of the existence of title insurance by defendant during the course of settlement negotiations. The remark was made by way of probing the possibilities of settlement in this case. No prejudice or bias is evident in the remark.

Defendant's claim that plaintiff's suit is barred by laches because plaintiff failed to file a notice of lis pendens on the property is wholly unfounded. Plaintiff was under no affirmative duty to file a notice of lis pendens. Generally, a lis pendens is designed to warn persons who deal with property while it is in litigation that they are charged with notice of the rights of their vendor's antagonist and take subject to the judgment rendered in the litigation. 51 Am Jur 2d, Lis Pendens, § 1, p 949. The failure to file a notice of lis pendens does not operate to preclude a suit over title to property.

During cross-examination of Solecki, defense counsel questioned Solecki with regard to the dismissal of the complaint against him. This questioning brought out the following testimony which defendant claims requires dismissal of the suit:

"*Q. (By Mr. Leib):* Did you receive some type of agreement from Mr. Backowski with relationship to the dismissal of the lawsuit against you?

* * *

"*Q. (By Mr. Leib):* Now, Mr. Solecki, did you receive any type of agreement with Mr. Backowski?

"*A.* There was no type of written agreement, no.

"*Q.* What was the oral agreement?

"*A.* Oral agreement that we make: that if Mr. Backowski won his case, that anything up and above $75,000, he would split fifty-fifty.

* * *

"*Q. (By Mr. Leib):* And so this was the agreement then that you were to share, as you have indicated, and that's why you were let out of the case, right?

"*A.* I don't know if that's why I was let out of the case.

"*Q.* That was the oral agreement?

"*A.* Correct.

"*Mr. Hanlon:* Who told you that, sir?

"*The Witness:* It was discussed.

"*Mr. Hanlon:* Your attorney told you that?

"*The Witness:* Yes.

"*Mr. Hanlon:* Objection, your Honor, and have it be stricken. It's purely hearsay. I think that's a valid objection, your Honor.

"*Mr. Leib:* Your Honor, it just came from the lips of this witness.

"*Mr. Hanlon:* He said his attorney told him. And I move that it be stricken.

"*The Court:* Well, why don't you rephrase the question and we will find out if this witness has any knowledge of this on his own.

"*Q. (By Mr. Leib):* Mr. Solecki, was that the agreement that you agreed to be taken out of this lawsuit?

"*A.* Yes.

"*Q.* Okay—."

Defense counsel later moved to dismiss the case on the basis of collusion and fraud evidenced by this testimony. The court took the motion under advisement. Plaintiff subsequently brought a mo-

tion to strike the testimony on the ground that it was hearsay and that it constituted matters subject to the lawyer-client privilege. The court granted plaintiff's motion on the basis of the hearsay objection.

The trial court erred in striking the testimony as hearsay. The purpose of this testimony was to impeach Solecki's credibility by demonstrating his pecuniary interest in the outcome. It was not elicited for the purpose of proving the truth of the matter asserted. The interest or bias of a witness goes directly to the question of his credibility and is never regarded as irrelevant. *People v MacCullough,* 281 Mich 15, 26; 274 NW 693 (1937), *People v Meier,* 47 Mich App 179; 209 NW2d 311 (1973). The testimony was properly in the case, should not have been stricken, and should have been considered by the trial court in assessing the credibility of Solecki. However, we do not believe the existence of the agreement would warrant dismissal of the case.

## IV

As a final comment, we indicate that, on the record before us at this time, the trial court appears to have reached an equitable result. Perhaps only the parties themselves, by compromise, could achieve a fairer result.

We hereby remand to the trial court for specific findings of fact on the issues raised in this opinion to be made by the trial court within 60 days from the date of release of this opinion. We retain jurisdiction.