**UNITED BANK OF BISMARCK, Plaintiff and Appellant,**

v.

**James G. GLATT, Kent M. Johanneson, Richard D. Olson, and Ruben C. Scherle, Defendants and Appellees.**

**James G. GLATT, Third Party Plaintiff,**

v.

**SCHERLE SALES, INC. and American Druggists' Insurance Company, Third Party Defendants.**

Civ. No. 870271.

Supreme Court of North Dakota.

March 7, 1988.

LEVINE, Justice.

United Bank of Bismarck (United) appeals from a partial summary judgment dismissing its action against the defendants, James G. Glatt, Kent M. Johanneson, Richard D. Olson,[1] and Ruben C. Scherle. We reverse and remand.

Scherle Sales, Inc. (Scherle Sales) was a business located in Bismarck which was involved in the sale and construction of agricultural and commercial buildings. Ruben Scherle, and his wife Erna, were shareholders and officers of Scherle Sales. East Plaza Development is a partnership which was formed during November 1980 to develop real estate in Bismarck. Its original partners were the four defendants in this case, but in 1982 Johanneson and Olson assigned their partnership interests back to the partnership, leaving Glatt and Scherle as the only remaining partners. On November 25, 1980, Scherle Sales entered into an agreement with East Plaza Development to construct Metro Business Park, an office condominium and real estate project in Bismarck.

During a three-year period from 1980, United loaned Scherle Sales $800,000. As collateral United ultimately obtained: (1) a short-term redemption mortgage on a condominium located in Bismarck; (2) an assignment of Scherle Sales' accounts receivable; and (3) an assignment of Scherle Sales' right to receive payment on a note from defendants Glatt, Scherle, Johanneson, and Olson.

Scherle Sales defaulted on its obligation to United and subsequently, through its officers, Ruben and Erna Scherle, it executed a confession of judgment in favor of United in the amount of $733,611.80. At that time Ruben Scherle also executed an assignment to United of his one-half interest in any proceeds that the East Plaza Development partnership might recover in its lawsuit against the Bank of Kirkwood Plaza.

Pearce & Durick, Bismarck, for plaintiff and appellant; argued by Patrick W. Durick, Bismarck. Appearance by Larry L. Boschee.

Evans & Moench, Ltd., Bismarck, for defendants, appellees and third party plaintiff James G. Glatt; argued by Dale W. Moench, Bismarck.

1. Prior to the summary judgment dismissal the district court entered an order dismissing Olson from the lawsuit on the ground that Olson had been discharged in bankruptcy from any liability in this action.

Thereafter, United foreclosed its mortgage on the condominium. The condominium was sold at a sheriff's sale for $164,930.76 and the proceeds were applied to partially satisfy United's judgment against Scherle Sales. United then brought this action against the defendants to enforce its interest in the remaining collateral, consisting of the assigned note and accounts receivable of Scherle Sales.

The defendants moved for summary judgment, contending that United, by foreclosing the short-term mortgage, was prohibited under the anti-deficiency judgment provisions of Chapter 32–19.1, N.D.C.C., from foreclosing upon the remaining items of personal property collateral. The defendants asserted, in effect, that United's foreclosure on the mortgage constituted a satisfaction and discharge of the debt, thereby precluding recovery on the remaining collateral. The trial court granted the motion for summary judgment, dismissing United's complaint with prejudice.[2]

■ United asserts on appeal that the trial court erred in concluding that a creditor who forecloses on a short-term redemption mortgage is thereby barred from enforcing its interest in other collateral. We agree with United's assertion.

The anti-deficiency provision of the Short-term Mortgage Redemption Act is found in Section 32–19.1–07, N.D.C.C.:

> "*32–19.1–07. No deficiency judgment allowed.*—When any mortgage has been foreclosed under this chapter, the mortgagee or any party claiming by, through, or under said mortgagee shall not be entitled to any judgment for deficiency."

The statute bars one who forecloses under the chapter from obtaining a deficiency judgment. "Deficiency judgment" is defined in Black's Law Dictionary:

> "*Deficiency judgment.* In mortgage law, imposition of personal liability on mortgagor for unpaid balance of mortgage debt after foreclosure has failed to yield full amount of due debt. May also apply to debt due after repossession of

personal property subject to security interest.'"

Thus, a deficiency judgment is an imposition of personal liability against the debtor for payment of the unpaid balance of a debt and is separate and distinct from enforcement of the debt against collateral given to secure the debt. *See In re Pittsburgh–Duquesne Development Company*, 482 F.2d 243 (3rd Cir.1973). We have previously stated that we will not extend the scope of anti-deficiency legislation beyond that which is clear from the statute. *Bank of Kirkwood Plaza v. Mueller*, 294 N.W.2d 640 (N.D.1980). Section 32–19.1–07, N.D.C.C., does not expressly preclude a lender from seeking recovery on a debt against personal property collateral after foreclosing a mortgage securing the same debt, and we will not construe that restriction into the statute.

■ Anti-deficiency statutes do not preclude a creditor from enforcing the debt against multiple items of collateral. *See Metropolitan Federal Savings & Loan Association v. Adams*, 356 N.W.2d 415 (Minn. App.1984). In *Schiele v. First National Bank of Linton*, 404 N.W.2d 479 (N.D. 1987), we underscored the value to both lenders and borrowers of utilizing multiple items of collateral:

> "We recognize that a lender's ability to utilize multiple items of collateral to secure an obligation is an important financial tool which benefits both the borrower and the lender. If that financial tool were unavailable, lenders would be less willing and less able to aid a borrower's financial needs." 404 N.W.2d at 484.

We concluded in *Schiele* that the anti-deficiency provisions under Chapter 32–19, N.D.C.C., did not preclude a lender from foreclosing against multiple items of real estate collateral, but we set forth the following procedure to be utilized when foreclosing against more than one item of real estate collateral:

---

**2.** Although other claims remain pending in this action, the trial court entered a Rule 54(b), N.D.R.Civ.P., certification to allow an immediate appeal from the summary judgment dismissal.

"We must weigh the interests of borrowers and lenders, as mortgagors and mortgagees, in keeping with the well-defined purpose of the anti-deficiency statutes. Accordingly, when a mortgagee chooses to foreclose against only one of several items of real estate collateral, we believe the appropriate balance requires that the fair value of the foreclosed item be determined by a jury before the remaining debt is enforced against the other items of real estate collateral." 404 N.W.2d at 484–485.

Section 32–19.1–02, N.D.C.C., states that when not inconsistent with Chapter 32–19.1, N.D.C.C., the general statutory provisions governing foreclosure will apply in any foreclosure under that Chapter. Consequently, we believe the foregoing procedure under *Schiele* is equally applicable to this case. United's foreclosure on the condominium does not preclude it from seeking recovery against its remaining items of personal property collateral. However, the factfinder must determine the fair value of the condominium upon which foreclosure has been granted before the personal property collateral can be applied towards satisfying the remaining debt.

The defendants rely upon *First Federal Savings & Loan Association v. Scherle*, 356 N.W.2d 894 (N.D.1984), to support their position that United's foreclosure on the mortgage satisfied and extinguished the debt, thereby precluding United from seeking recovery against the remaining collateral. We believe *First Federal* is clearly distinguishable from this case. In *First Federal* the lender obtained a judgment of foreclosure on certain real estate collateral, and that collateral was subsequently sold at a sheriff's sale for a price equivalent to the entire indebtedness plus accrued interest and costs. We concluded that the debt had been satisfied and discharged, because the mortgaged property was sold for the entire amount of the underlying debt. In this case Scherle Sales is indebted to United in excess of $700,000, but the condominium collateral was sold after foreclosure for less than $200,000. It is entirely possible that a factfinder's determination of the

fair value of the condominium would be substantially less than the outstanding indebtedness. If such a determination were made, the debt would not have been satisfied by the mortgage foreclosure and United could proceed to enforce the debt against the remaining items of collateral.

United has raised objections, based on theories of standing and impermissible collateral attack, to the defendants' attempt to preclude United from foreclosing upon the remaining collateral. Having decided in United's favor that it may proceed against the remaining collateral, we need not discuss or resolve those issues.

In its partial summary judgment the trial court also determined that United was barred from enforcing the assignment it received from Ruben Scherle of his one-half interest in the proceeds that the East Plaza Development partnership might recover in its lawsuit against the Bank of Kirkwood Plaza. The defendants argued before the lower court that this assignment was extinguished or released as a result of United's foreclosure on the condominium. For the reasons previously stated in this opinion, we conclude that the assignment was not extinguished or released as a result of United's foreclosure on the condominium.

The defendants also argued that the assignment was void because it violated both the partnership agreement and North Dakota law. Resolution of the issue is dependent on questions of fact and law about which the trial court has made no determination. We must therefore remand, but we believe that some guidance to the trial court on this issue is appropriate and necessary.

Section 45–08–02(2)(b), N.D.C.C., provides:

"2. * * *

"b. A partner's right in specific partnership property is not assignable except in connection with the assignment of rights of all the partners in the same property."

Scherle's assignment of his interest in the partnership's chose in action, if viewed as

an attempt to convey specific partnership property, is contrary to the foregoing statutory provision and is, therefore, inoperative for that purpose.

■ A partner's interest in the partnership, which is defined under Section 45–08–03, N.D.C.C. as his share of the profits and surplus, can be unilaterally transferred by the partner. Section 45–08–04, N.D.C.C. Under certain circumstances, an attempted assignment of specific partnership property may be construed to constitute a permissible transfer of that partner's interest in the partnership. *See Backowski v. Solecki,* 112 Mich.App. 401, 316 N.W.2d 434 (1982); *Stroebel–Polasky Co. v. Slachta,* 106 Mich. App. 538, 308 N.W.2d 273 (1981); *In re Decker,* 295 F.Supp. 501 (W.D.Va.1969); *Shapiro v. United States,* 83 F.Supp. 375 (D.Minn.1949). *But compare Columbia Mortgage Co. v. Hsieh,* 42 Wash.App. 114, 708 P.2d 1226 (1985).

The official comment to Section 25 [45–08–02, N.D.C.C.] of the Uniform Partnership Act, 6 Uniform Laws Annotated 330 (1969) states:

"... an attempted assignment by one partner of his rights in all the partnership property, may be regarded as a valid assignment of the partner's interest in the partnership."

Whether an attempted assignment of specific property should be deemed to be an assignment of a partner's interest in the partnership is a factual question of the parties' intent under the circumstances. *Spring Woods Bank of Houston v. Lanier,* 601 S.W.2d 425 (Tex.Civ.App.1980). Accordingly, the determination of whether Scherle's assignment constituted a permissible transfer of his interest in the partnership is one which must be resolved initially by the factfinder below.

The East Plaza Development partnership agreement contains certain restrictions on the transfer or assignment of a partner's interest in the partnership. Section 45–06–01(4), N.D.C.C., provides:

"4. No act of a partner in contravention of a restriction on authority shall bind the partnership to persons having knowledge of the restriction."

Even if we assume that Scherle assigned his interest in the partnership to United, there remain unresolved factual questions as to whether the partnership agreement restricts such an assignment and, if so, to what extent the restriction is binding upon the parties in this case.

We reverse and remand for further proceedings consistent with this opinion.

ERICKSTAD, C.J., MESCHKE and VERNON R. PEDERSON, JJ., Surrogate Justice, concur.

VANDE WALLE, J., concurs in the result.

PEDERSON, S.J., sitting in place of GIERKE, J., disqualified.