*In re* WALTHER ESTATE

NBD BANK, NA v DEPARTMENT OF TREASURY

Docket No. 148642. Submitted April 5, 1994, at Detroit. Decided June 7, 1994, at 9:25 A.M.

    Bessie B. Walther died testate on March 15, 1991. Her will devised the residue of her estate to the Bessie B. Walther Trust, of which NBD Bank, N.A., is the trustee. The trust agreement provided that upon Bessie's death, and after the payment of taxes, administration costs, and debts, the assets of the trust were to be distributed outright to the Ricketts Investment Group, a California limited partnership consisting of three general and eight limited partners, all of whom are lineal descendants of Bessie. The partnership agreement provides for the distribution of partnership profits to all the partners at the end of each fiscal year. Following Bessie's death, the Department of Treasury determined the amount of tax due on the transfer of assets from the trust to the limited partnership. The Genesee County Probate Court, Allen J. Nelson, J., entered an order consistent with the department's determination. NBD was granted a rehearing and, on rehearing, the probate court ruled that the transfer of assets was subject to preferential tax treatment under MCL 205.202; MSA 7.562, and reduced the amount of tax due significantly. The Department of Treasury appealed.

    The Court of Appeals *held:*

    The probate court properly determined that the transfer of assets from the trust to the limited partnership was subject to preferential tax treatment.

    1. Property transferred following the death of the settlor of a trust to a limited partnership, whose members are all lineal descendants of the decedent, is subject to the preferential inheritance tax rates found at MCL 205.202; MSA 7.562.

    2. The partnership merely holds legal title to the trust assets, while the partners, who are the decedent's lineal descendants,

REFERENCES

Am Jur 2d, Inheritance, Estate, and Gift Taxes § 196.
See ALR Index under Inheritance and Estate Taxes.

have a beneficial interest in the assets, because the partnership is a conduit through which the descendants receive the benefit of the trust property.

3. The partners each had a proportionate beneficial interest in the trust property that was transferred to the partnership. To the extent that the partners were lineal descendants of the decedent, as defined at MCL 205.202(1); MSA 7.562(1), they were entitled to preferential tax treatment.

Affirmed.

TAXATION — TRUSTS — LIMITED PARTNERSHIPS — SETTLOR'S LINEAL DESCENDANTS.

Property transferred following the death of the settlor of a trust to a limited partnership, whose members are all lineal descendants of the decedent, is subject to preferential tax treatment under MCL 205.202; MSA 7.562; each partner has a proportionate beneficial interest in the trust property transferred to the partnership.

*Hicks & Schmidlin, P.C.* (by *Allen R. Telgenhof*), for NBD Bank, N.A.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *E. David Brockman,* Assistant Attorney General, for the Department of Treasury.

Before: CAVANAGH, P.J., and JANSEN and D. C. KOLENDA,* JJ.

PER CURIAM. This is an inheritance tax case. Respondent Department of Treasury appeals as of right from the probate court's determination that the transfer of assets from the Bessie B. Walther Trust to the Ricketts Investment Group was subject to preferential tax treatment. We affirm.

The question presented is whether property transferred following the death of the settlor of a trust to a limited partnership, whose members are all lineal descendants of the decedent, is subject to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the preferential inheritance tax rates found at MCL 205.202; MSA 7.562.

The facts of this case are not in dispute. Bessie B. Walther died testate on March 15, 1991. Her will devised the residue of her estate to the Bessie B. Walther Trust, of which petitioner, NBD Bank, N.A., is trustee. The trust agreement provided that upon the decedent's death, and after the payment of taxes, administration costs, and debts, the assets of the trust were to be distributed outright to the Ricketts Investment Group, a California limited partnership.

The Ricketts Investment Group (the partnership) consists of three general and eight limited partners, all of whom are lineal descendants of the decedent. The partnership agreement provides for the distribution of partnership profits (apparently derived from investment) to all the partners at the end of each fiscal year.

Following the decedent's death, respondent determined that $270,912.35 was taxable (with a tax due of $32,509.35), and the probate court entered an order to that effect. Petitioner sought and was granted a rehearing of the determination of the inheritance tax due. On rehearing, the probate court ruled that the transfer of assets was subject to preferential tax treatment under MCL 205.202; MSA 7.562, and that the amount of tax due was $4,695.53. Respondent appealed.

At the time of the decedent's death, the inheritance tax law provided as follows:

Where the persons entitled to *a beneficial interest in* the property are the grandfather, grandmother, father, mother, husband, wife, child, brother, sister, wife or widow of a son, or the husband of a daughter, . . . or to or for the use of a lineal descendent of the decedent grantor, donor, or vendor, the transfer of property of the clear

> market value of $10,000.00 is exempt from all
> taxation under this act. [MCL 205.202(1); MSA
> 7.562(1). Emphasis added.]

Preferential tax rates for those persons listed
above on property whose clear market value is in
excess of the $10,000 exemption are found at MCL
205.202(3); MSA 7.562(3).

On appeal, respondent argues that, on the dece-
dent's death, all interest in the assets of the trust
passed to the partnership, which is not entitled to
preferential tax treatment, and no interest passed
to the partners individually. Petitioner contends
that the partnership merely holds legal title to the
trust assets, while the partners, who are the dece-
dent's lineal descendants, have a beneficial inter-
est in the assets, because the partnership is a
conduit through which the descendants were to
receive the benefit of the trust property. Thus,
according to petitioner, the partners were entitled
to preferential tax treatment. We find petitioner's
argument more persuasive.

A preference in, or exemption from, taxation
must be clearly defined. *In re Smith Estate,* 343
Mich 291, 297; 72 NW2d 287 (1955). A statute
granting a tax exemption generally is strictly
construed in favor of the taxing authority. *Michi-
gan United Conservation Clubs v Lansing Twp,*
423 Mich 661, 664; 378 NW2d 737 (1985). The
person seeking an exemption has the burden of
proving that the requirements for the exemption
have been met. *Moorland Twp v Ravenna Conser-
vation Club, Inc,* 183 Mich App 451, 453-454; 455
NW2d 331 (1990). In construing a statute, every
word should be given meaning and, as far as
possible, no word should be treated as surplusage
or rendered nugatory. *Altman v Meridian Twp,*
439 Mich 623, 635; 487 NW2d 155 (1992).

The term "beneficial interest" appears to be undefined in Michigan. According to Black's Law Dictionary (5th ed), p 142, see *Ludington Service Corp v Comm'r of Ins,* 194 Mich App 255, 261; 486 NW2d 120 (1992), aff'd 444 Mich 481; 511 NW2d 661 (1994), it refers to a "[p]rofit, benefit, or advantage resulting from a contract, or the ownership of an estate as distinct from the legal ownership or control."

This state has enacted the Uniform Partnership Act, MCL 449.1 *et seq.*; MSA 20.1 *et seq.* Citing the official comment to § 25 of the Uniform Partnership Act, courts in other jurisdictions have held that a partner has a beneficial interest in partnership property considered as a whole. *Dreisbach v Eifler,* 764 SW2d 631, 633 (Ky App, 1988); *Farmers State Bank & Trust Co v Mikesell,* 51 Ohio App 3d 69, 75; 554 NE2d 900 (1988). Furthermore, at least one panel of this Court has implicitly acknowledged that a partner has a beneficial interest in partnership property. *Stroebel-Polasky Co v Slachta,* 106 Mich App 538, 543; 308 NW2d 273 (1981), citing *Goldberg v Goldberg,* 375 Pa 78, 83; 99 A2d 474; 39 ALR2d 1359 (1953).

We conclude that the partners in the Ricketts Investment Group each had a proportionate beneficial interest in the trust property that was transferred to the partnership following the decedent's death.

Accordingly, to the extent that the partners were indeed lineal descendants of the decedent, as defined at MCL 205.202(1); MSA 7.562(1), they were entitled to preferential tax treatment. To hold otherwise would be to render the statutory language "a beneficial interest in . . ." nugatory.

Affirmed.