# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* THERESE M. CARDINAL TRUST and
MARVIN A. CARDINAL TRUST.

---

ROY C. HEBERT, Trustee of the THERESE M.
CARDINAL TRUST and MARVIN A.
CARDINAL TRUST,

      Appellee,

v

PATRICIA GAIL POE,

      Appellant.

UNPUBLISHED
September 12, 2017

No. 333620
Ottawa Probate Court
LC No. 16-062516-TV

---

*In re* ESTATE OF THERESE M. CARDINAL.

---

ROY C. HEBERT, Personal Representative of the
ESTATE OF THERESE M. CARDINAL,

      Appellee,

v

PATRICIA GAIL POE,

      Appellant.

No. 333622
Ottawa Probate Court
LC No. 15-062252-DE

---

Before: TALBOT, C.J., and O'CONNELL and CAMERON, JJ.

PER CURIAM.

Appellant Patricia Gail Poe filed a lis pendens and notice of lis pendens encumbering the Therese M. Cardinal and Marvin A. Cardinal trusts in Docket No. 333620 and the Estate of Therese M. Cardinal in Docket No. 333622. The probate court entered an order dismissing Poe's

-1-

lis pendens and notice of lis pendens and assessing actual attorney fees against Poe. Poe appealed in both cases. We previously consolidated the appeals.[1] We now affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Therese and Marvin Cardinal married, had children, including Poe, and then passed away. Each parent had a trust at the time of their death, named some of their children, including Poe, as successor co-trustees, and named all of their living children as beneficiaries. However, beneficiaries of each trust later signed a notice removing Poe as a co-trustee and nominating appellee Roy C. Hebert as a replacement trustee. The probate court later entered an order noting Poe's removal and appointing Hebert as a trustee to both trusts.

Therese also had a will at the time of her death. The trial court appointed Poe as the personal representative. However, the trial court later removed Poe as the personal representative and appointed Hebert as the successor personal representative.

The Therese Trust contains real property located at 426 Macomb Avenue NW, Walker, Michigan. Hebert asserts that the property is not an asset of the Marvin Trust or the estate. On April 13, 2016, the Therese Trust sold the property.

Poe subsequently filed a notice of lis pendens encumbering the property, the trusts case, and the estate case. According to Hebert,[2] Poe asserted that "the object of the subject suit is: title clarification—'quiet title' " and referred interested persons to her attorney for "further particulars."

Hebert petitioned to dismiss and cancel Poe's lis pendens and notice of lis pendens. Significantly, Hebert argued that there was no pending litigation regarding the property, there was no question regarding the property's title requiring a quiet title action, the lis pendens filing did not comply with MCL 565.25(1)(a)'s requirement to include a full and fair accounting of facts and supporting documentation, and that Poe lacked a legal basis to file the lis pendens. In response, Poe argued that she has an interest in the property because she is a beneficiary to the Therese Trust, intends to seek ownership of the property once the trust is administered, and filed the lis pendens to protect her interest in the title of the property.

The probate court dismissed Poe's lis pendens and notice of lis pendens with prejudice because "the actual document recording was without lawful cause" and ordered Poe to notify the register of deeds that the lis pendens had been cancelled, citing MCL 600.2725. Additionally, the probate court assessed actual attorney fees against Poe pursuant to MCL 600.2907a.

## II. JURISDICTION

---

[1] *In re Therese M. Cardinal Trust*, unpublished order of the Court of Appeals, entered July 15, 2016 (Docket Nos. 333620 and 333622).

[2] We cannot find the notice in the probate court record.

Hebert argues that this Court lacks jurisdiction over Poe's appeals by right. We disagree.

This Court has "jurisdiction of an appeal of right filed by an aggrieved party from" a court order "from which appeal of right to the Court of Appeals has been established by . . . court rule." MCR 7.203(A)(2). MCR 5.801(A)(2)(j) provides that a "party or an interested person aggrieved by a final order of the probate court may appeal as a matter of right" from "a final order affecting the rights or interests of an interested person in a proceeding involving a decedent estate, . . . an inter vivos trust or a trust created under a will," including an order "encumbering any of the assets of an estate or trust."[3] A lis pendens is an "instrument of encumbrance." See MCL 565.25(1). Therefore, Poe may appeal as of right from the probate court's order to dismiss a lis pendens, dismiss a notice of lis pendens, and cancel a lis pendens filed against the estate and trusts.

## III. STANDARD OF REVIEW

A probate court has discretion to order cancellation of a notice of lis pendens. See MCL 600.2725(2). "A probate court abuses its discretion when it chooses an outcome outside the range of reasonable and principled outcomes." *In re Bibi Guardianship*, 315 Mich App 323, 329; 890 NW2d 387 (2016) (quotations and citation omitted).

## IV. LIS PENDENS

Poe argues that the probate court erred in dismissing or canceling the notice of lis pendens. We disagree.

A lis pendens and notice of lis pendens warn persons who deal with property, specifically a purchaser of real estate, that the property is involved in litigation, notifies the persons of the basis of the suit, and warns persons " 'that they are charged with notice of the rights of their vendor's antagonist and take subject to the judgment rendered in the litigation.' " *Richards v Tibaldi*, 272 Mich App 522, 536; 726 NW2d 770 (2006), quoting *Backowski v Solecki*, 112 Mich App 401, 412; 316 NW2d 434 (1982); See also *Ligon v Detroit*, 276 Mich App 120, 128; 739 NW2d 900 (2007); MCL 600.2701(1).

Statutes set forth the requirements for perfecting a lis pendens, filing a notice of lis pendens, and canceling the action. A recording of lis pendens is not perfected unless a "full and fair accounting of the facts that support recording of the instrument of encumbrance and supporting documentation, as available" "accompanied the instrument when it was delivered to the register" of deeds. MCL 565.25(1)(a).[4]

> To render the filing of a complaint constructive notice to a purchaser of any real
> estate, the plaintiff shall file for record, with the register of deeds of the county in

---

[3] MCR 5.801 was amended effective June 21, 2017. The relevant portions of the prior version of the rule are substantively identical.

[4] None of the exceptions to this rule articulated in MCL 565.25(2) apply.

which the lands to be affected by such constructive notice are situated, a notice of the pendency of such action, setting forth the title of the cause, and the general object thereof, together with a description of the lands to be affected thereby. [MCL 600.2701(1).]

MCL 600.2725(2) gives a probate court discretion to "direct that a notice of the pendency of an action be canceled" "[i]f a plaintiff filing the notice" "does not commence or prosecute the action in good faith."

The probate court did not abuse its discretion when it canceled Poe's lis pendens and notice of lis pendens pursuant to MCL 600.2725. Poe failed to support her lis pendens with a full and fair accounting of the facts, provide documentation supporting her claim, and accurately set forth the basis for her claim. She asserted that "the object of the subject suit is: title clarification—'quiet title.' " However, the property was not the subject of a quiet title action. Poe and Hebert both asserted that the property is an asset of the Therese Trust. Further, neither the trusts case nor the estate case involved the title of the property. Therefore, Poe did not commence or prosecute the action in good faith, and the probate court's order was not outside the range of reasonable and principled outcomes.

Additionally, Poe abandoned any argument that the probate court improperly awarded attorney fees because she merely announced her position without rationalizing the basis of her claim or citing supporting authority. See *Peterson Novelties, Inc v Berkley*, 259 Mich App 1, 14; 672 NW2d 351 (2003).

We affirm.

/s/ Michael J. Talbot
/s/ Peter D. O'Connell
/s/ Thomas C. Cameron

-4-